# GWIN *et al. v.* CITY OF GREENWOOD.

(Division A.   Jan. 5, 1931.)

[131 So. 821.   No. 29086.]

See, also, 127 So. 696, — Miss. —.

Means Johnston, of Greenwood, and Moody & Johnson, of Indianola, for appellants.

**A. H. Bell** and **Alfred Stoner**, both of Greenwood, for appellee.

Argued orally by **Means Johnston**, for appellant, and by **A. H. Bell** and **Alfred Stoner**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

The instant case was a suit for damages against S. L. Gwin and the sureties on his injunction bond, alleged to have accrued on account of the wrongful suing out of an injunction against the city of Greenwood, which injunction on motion was dissolved in this court. See 153 Miss. 517, 121 So. 160. In the lower court there was a judgment on the injunction bond against Gwin and his sureties, and an appeal is prosecuted here.

The facts under which the case at bar arose may be more fully understood by reference to the case of Gwin v. City of Greenwood, 150 Miss. 656, 115 So. 890, 58 A.

L. R. 849. In the first cited case the injunction theretofore granted was dissolved, and the cross-bill dismissed by this court. The appellees, on said former appeal, were taxed with fifty-five dollars and ten cents of the costs of the appeal. To obtain the mandate, the city of Greenwood in said case voluntarily paid the costs of fifty-five dollars and ten cents which was taxed against Gwin et al. The city also paid to the circuit clerk costs taxed by him in an eminent domain proceeding, which was enjoined, amounting to forty-nine dollars and seventy cents, and which included twenty-seven dollars and seventy cents to jurors. The main item sought to be recovered in the declaration in this case, in addition to the items above named, was the sum of two thousand dollars, attorney's fee, to Alfred Stoner, who was associated with the city attorney, agreeable to an order of the city council to which further reference will be made. The city attorney of Greenwood was regularly employed on a salary basis by the city. On the trial in the court below the appellants, S. L. Gwin and others, strenuously objected to any evidence as to a reasonable attorney's fee for services rendered by Stoner in the Supreme Court on the appeal of the case first referred to, in which the injunction was dissolved. Much proof was heard on this point, and the jury rendered a verdict for six hundred fifty dollars attorney's fee and one hundred three dollars for costs, and judgment was rendered on the verdict of the jury.

After the decision of this court in the case first above cited, the city of Greenwood proceeded by eminent domain proceedings to condemn a certain portion of the exclusive right of said Gwin in and to the streets of North Greenwood. These proceedings were instituted in the county court, process was had, and a venire facias was issued for the jurors, as provided by the statute. Before the day set for trial, Gwin and others filed a bill in the chancery court, and sued out a writ of injunction against

the eminent domain proceedings which suspended the eminent domain proceedings, and on the day named certain jurors, who did not learn of the injunction, proved, their attendance before the circuit clerk, and were allowed their fees. Objection is made to these fees which were included in the judgment of the court in the instant case. When the injunction writ was sued out, the city of Greenwood appeared in the chancery court, filed its answer and cross-bill, and the case was heard on motion to dissolve the injunction by the court below, and the motion was overruled. Thereupon the city council directed its attorneys to apply to the Supreme Court for a writ of supersedeas, same having been denied by the lower court, but granted by a member of this court, and in this court the decree of the lower court was reversed, and the injunction was dissolved.

First, it is assigned as error here that the court below erred in allowing proof as to value of services performed by Stoner as an attorney in the presentation of the injunction suit in this court, on the idea that the order entered on the minutes only applied to services rendered by the attorney in and about the motion to dissolve the injunction in the chancery court and for the services only of applying for and obtaining an order for a supersedeas from a judge of this court. Much evidence was taken in the lower court, but we think it unnecessary to detail here. Suffice it to say that, if the court correctly ruled as to the evidence admitted, there would be no reversible error here as to this item.

The order entered by the city council of Greenwood, after reciting the pendency of the injunction litigation, reads as follows: "And it further appearing that it would be to the best interest of the City of Greenwood to employ an attorney to assist the said City Attorney in moving to dissolve and prosecute to effect the said motion in the Chancery Court of said County; It is therefore ordered that Alfred Stoner a competent attorney

be and he is hereby employed to assist the said City Attorney in prosecuting said proceedings to dissolve the said injunction in said Chancery Court, and that he be paid a reasonable attorney's fee for his services.''

After the city had lost its case in the chancery court, it then entered the following order: ''Order Authorizing City Attorney to Petition for an Appeal to the Supreme Court of the State of Mississippi from Decree of Chancery Court of Leflore County in the Case of City of Greenwood v. A. M. Hobbs, et al. This day came on for hearing, the same being a regular meeting of the City Council in the City Hall, the matter of appealing from the decree of the Chancellor of the Seventh Chancery District of the State of Mississippi rendered at the Court House of Leflore County, Mississippi, on the 21st day of August, 1928, overruling demurrers of the City of Greenwood to the cross-supplemental bill and motion to dissolve the injunction thereon in the case styled City of Greenwood v. A. M. Hobbs, et al., being number 4912 in the Chancery Court of said county, and it appearing that it is to the best interest of the said City of Greenwood to petition a Judge of the Supreme Court of the State of Mississippi for an appeal to settle all of the controlling principles in the said cause; It is ordered that the City Attorney, A. H. Bell, and Alfred Stoner, special counsel, be and they are hereby authorized and directed to petition accordingly.''

Appellants concede liability for a reasonable attorney's fee as the proper element of damage, yet they contend that they are only liable for such a reasonable attorney's fee as that for which the city of Greenwood was liable. In other words, that the damage is based solely on the liability of the city to Stoner, and under these orders that the city was not liable to Stoner for any service rendered by him other than the presentation of the motion to dissolve the injunction in the chancery court and the application for the writ of supersedeas presented to

a judge of this court, and that the city's effort to show the value of the services rendered in this court on the presentation of the cause here was incompetent, and that the court erred in overruling the objections to the evidence.

Section 6930, Hemingway's Code 1927, section 3389, Code 1906, is the authority for the employment of counsel to assist the regularly employed city attorney in cases where the city and its duly authorized attorney, by order on its minutes, authorizes the contract of employment. See Vicksburg Water Works Co. v. Vicksburg, 99 Miss. 132, 54 So. 852, 33 L. R. A. (N. S.) 844, Ann. Cas. 1913D, 917. We think it is quite evident from an examination of these orders that the city employed Stoner as an attorney to represent it in prosecuting the motion to dissolve the injunction to a conclusion or to effect, and that it is a strained construction to say that this authorized his appearance only in the chancery court, and, having failed there, his employment ceased. We think the first order is quite sufficient to establish the contract between the attorney and the city, and we do not think any error was committed by the court in this behalf. The case was not prosecuted to effect the motion, so far as this contract is concerned, until every legal recourse had been exhausted in that suit. There is no limitation in the second order; the main object of which was to authorize an appeal with supersedeas.

Second. We think it was error for the court to render a second judgment for costs for which a judgment had already been rendered in the Supreme Court of the state. There was no necessity for two judgments against Gwin for the same amount. As the city voluntarily paid the costs in order to have the mandate go down, it had a judgment for which it could have obtained an execution at any time.

Third. The item of twenty-seven dollars and seventy cents, for which judgment was rendered, was an amount

paid by the city of Greenwood to certain jurors in the eminent domain proceeding; we think the court was in error, and that this item should not have been allowed.

Section 1983, Hemingway's Code 1927, section 2208, Code 1906, provides that the compensation for jurors regularly summoned and discharged by the court shall be determined on the oath of the juror and allowed in open court and entered on the minutes thereof; thereupon the clerk shall give a certificate of the same to the juror; in all other cases the court or officer before whom the juror serves shall determine the sum due and give certificate accordingly. The eminent domain court, on account of the injunction, never convened, and the jury never attended that court nor served therein. Section 1982, Hemingway's Code 1927, section 2207, Code 1906, provides as follows: "(d) Jurors in special eminent domain court shall be paid two dollars per day, and mileage to be taxed in the cost."

By section 1563, Hemingway's Code 1927, section 1857, Code 1906, the circuit clerk is authorized to issue a summons for the defendant to appear before a justice of the peace designated to preside over the special court, and provides further for the drawing of the eighteen names to serve as jurors in the special court, and the clerk is directed to issue a venire facias commanding the sheriff to summon the jurors as drawn to appear at the time and place designated. Section 1564, Hemingway's Code 1927, section 1858, Code 1906, provides that the process so issued and served shall be returned at the time and place fixed by the clerk. Section 1565, Hemingway's Code 1927, section 1859, Code 1906, provides that the justice of the peace selected to preside over the eminent domain proceedings "shall keep, in writing, a complete record of all the court's proceedings." Section 1579, Hemingway's Code 1927, section 1873, Code 1906, provides that the justice shall tax the costs and file a bill thereof with the

record; and provides for the filing thereof with the clerk of the circuit court, and for execution.

Section 725, Hemingway's Code 1927, Laws 1926, chapter 131, section 1, confers upon the county court exclusively the jurisdiction heretofore exercised by justices of the peace in the matter of eminent domain proceedings. An examination of all these sections leads us to the conclusion that the jurors allowed fees by the circuit clerk neither attended nor served as jurors in the eminent domain court, and we pretermit a decision of the question at this time as to whether or not attendance alone without actual service is necessary in order that juror may be entitled to fees in this behalf. So this item was erroneously allowed ·by the jury and court on the trial of this case.

It follows that the judgment of the court below is incorrect in allowing a judgment for fifty-five dollars and ten cents as to Gwin, and twenty-seven dollars and seventy cents as to Gwin and his codefendants. In all other respects the judgment is approved. The costs will be apportioned, the appellants and the appellee to pay each one-half of the costs of this cause.

Affirmed in part; reversed in part; and judgment here.

**Smith, C. J.**, took no part in this decision.