LEE *et al. v.* HANCOCK COUNTY.

(Division A. Feb. 14, 1938.)

[178 So. 790. No. 33035.]

**Edward I. Jones,** of Bay St. Louis, for appellants.

J. F. Galloway, of Gulfport, amicus curiae.

852

**Gex & Gex** and **E. J. Gex,** all of Bay St. Louis, for appellee.

Argued orally by **Edward I. Jones**, for appellant, and by **W. J. Gex, Jr.**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is a proceeding under section 313, Code 1930, for the validation of a proposed issue of bonds by Hancock county. The bonds were approved by the state bond attorney, and September 27, 1937, was set for the hearing of objections thereto by the chancellor. Objections to the issuance of the bonds were then filed, and the chancellor, pursuant to the statute, set the case over for Friday, October 8, 1937, on which day it was again set over to October 14, 1937. On October 7, 1937, some of the objectors filed an amendment to their former objections, setting forth new grounds therefor.

A motion was made to strike the amendment to the objections from the record. No ruling was made on this motion except that which appears in a final decree which recites, "that the motion to strike the objections of the taxpayers who had filed same be sustained and said objections dismissed." This ruling, it will be observed, is addressed to the objections as a whole, and not to the amendments thereto. The decree then proceeded to adjudge, "that all such objections to the validation of said bonds are not well taken because all of same are attempted collateral attacks upon lawful orders and proceedings of the Board of Supervisors of Hancock county, Mississippi, in the matter of the issuance of and validation of said bonds. The transcript shows that the proposed issue of $65,000 of bonds of Hancock county, Mississippi, was duly and legally ordered issued and validated at the regular August, 1937, meeting of the board. The transcript shows that all the proceedings of the board in the matter of the issuance of said bonds were in strict accordance with the Constitution and laws of the state of Mississippi, including section 5977 of the Mississippi Code of 1930, and pursuant to lawful resolutions, order and proceedings of the board." After some recitals not necessary here to set forth, the decree proceeds: "As to form, denominations, interest rate, maturities, and otherwise, said bonds are in strict accordance with law and the amount thereof does not exceed any legal limitation. . . . It is, therefore, ordered, adjudged and decreed that said bonds be and the same are hereby approved, confirmed and validated."

The appellee says that the court below should have stricken the amended objections from the record, for the reason that the statute contemplates that all objections thereto should be filed on or before the date first set for the hearing thereof. With this we are unable to agree. The clear intent of section 313 of the Code of 1930 is that a proposed issue of bonds by a political sub-

division of the state shall not be permitted if there is a valid objection thereto. This intent might be nullified if a taxpayer is not permitted to amend his objections to the issuance of bonds prior to the final hearing as to their validity. Section 391, Code 1930, in the chapter on chancery courts, provides that "amendments shall be allowed in the pleadings and proceedings, on liberal terms, to prevent delay and injustice." This section is pertinent here, although the proceeding is before the chancellor in vacation.

This brings us to the only other question here presented that it will be necessary for us to decide. The order of the board of supervisors providing for the issuance of the bonds, after reciting that they are to be issued under section 5977, Code 1930, continues: "Whereas it appears that there is now outstanding the sum of $65,000.-00 of outstanding, undisputed, valid and legal obligations of Hancock county, and that it is now necessary, pursuant to said law, to issue bonds to take up said outstanding obligations, Now, Therefore, be it resolved by the Board of Supervisors of Hancock county, Mississippi, that for the purpose of paying said outstanding, undisputed, valid and legal obligations, that the bonds of Hancock county be issued in the amount of $65,000.00," etc. It will be observed that this order does not adjudicate that the bonds proposed to be issued, when added to the outstanding bonded indebtedness of the company, will not exceed 10 per centum of the assessed value of the taxable property within the county, according to the last completed assessment for taxation. Section 5977, Code 1930, is as follows: "Every municipality and every county in this state which has or may hereafter have legal and undisputed outstanding warrants or other obligations, and insufficient funds in the treasury to pay them or any of them, is empowered and required to at once prepare for, and take up such warrants and other obligations from the proceeds of serial bonds which shall

be issued for such purpose, as is provided by law for issuance of bonds for the payment of outstanding obligations. Such bonds to pay such outstanding obligations shall be issued regardless of the amount thereof, and no election shall be held on the question of the issuance of such bonds for the payment of such obligations, but the prompt issuance of sufficient bonds to pay all of such legal and undisputed warrants or other obligations is made mandatory on such counties and municipalities.''

The appellant says: (1) That this section was repealed by chapter 235, Laws 1932; and (2) if not, was amended thereby so as to eliminate therefrom the words, ''such bonds to pay such outstanding obligations shall be issued regardless of the amount thereof;'' and to prohibit the issuance of bonds if, when they are ''added to the outstanding bonded indebtedness of said county, shall exceed ten per centum of the assessed value of the taxable property within said county, according to the last completed assessment for taxation.'' Section 3.

Chapter 235 does not expressly repeal or amend section 5977 of the Code; but does provide, ''That all laws and parts of laws in conflict with this act be and the same are hereby repealed, insofar as they conflict with the provisions of this act.'' The only section therein which clearly conflicts with section 5977 of the Code is section 3, which reads as follows: ''That no county shall issue bonds for the purposes authorized by law to an amount which, added to the outstanding bonded indebtedness of said county, shall exceed ten per centum of the assessed value of the taxable property within said county, according to the last completed assessment for taxation.''

This section applies to all issues of bonds authorized by law, and therefore to bonds here under consideration, unless they are withdrawn therefrom by section 7 of the act, which is as follows: ''That no limitations or provisions contained in this act shall in any way apply to the issuance of bonds for the purpose of refunding any

legal obligations heretofore or hereafter outstanding." The issuance of refunding bonds is covered by section 5986 of the Code, as amended by Laws 1932, c. 167, and not by section 5977. But aside from that, the bonds here under consideration are not refunding bonds. To refund a debt is "to fund it again or anew," Webster's New International Dictionary; "to replace by a new funded loan," Funk & Wagnall's New Standard Dictionary; Long Beach v. Lisenby, 180 Cal. 52, 179 P. 198; a refunding bond "is a bond issued to pay off an older issue," Webster, op. cit.; before a debt can be refunded, it must, of course, have been first funded. The word "fund," in this connection, means "to convert into a more or less permanent debt bearing regular interest; as to fund the floating debt," Webster, op. cit.; Funk & Wagnall's op. cit.; "to put into the form of bonds, stocks, or other securities, bearing regular interest, and to provide or appropriate a fund or permanent revenue for the payment thereof." Black's Law Dictionary (3 Ed.); Merrill v. Monticello, C.C., 22 F. 589, 596. The bonds here proposed to be issued are, therefore, funding, and not refunding, bonds, and consequently are not withdrawn by section 3 of chapter 235, Laws 1932, or by section 7 thereof; from which it follows that whether the bonds proposed to be issued, when added to the outstanding bonded indebtedness of the county, shall exceed 10 per centum of the assessed value of the taxable property within said county, according to the last completed assessment for taxation, is a jurisdictional fact which should have been found by the board of supervisors and set forth in its order providing for the issuance of these bonds. This was not done; consequently the board is without power to issue the bonds.

Tucker Printing Co. v. Attala County, 171 Miss. 608, 158 So. 336, is not in conflict herewith, for the question here under consideration was not there presented to the court, nor referred to it in its opinion. The only ques-

tion there presented and determined was whether the county was under any obligation to pay the debt for the discharge of which an issuance of bonds was sought.

The decree of the court below will be reversed, and the decree which it should have rendered, holding the proposed issue of bonds invalid, will be rendered here.

Reversed and decree here.

ON SUGGESTION OF ERROR.

McGehee, J., delivered the opinion of the court on suggestion of error.

Responding to the suggestion of error in this case, we deem it sufficient to say that the language used in the former opinion to the effect that "The decree of the court below will be reversed, and the decree which it should have rendered, holding the proposed issue of bonds invalid, will be rendered here," was intended to apply, and does apply, only to the proceedings relating to the proposed validation of the bonds in question on the record now before the court.

Suggestion of error overruled.