MILLS *v.* RICHTON MUNICIPAL SEPARATE SCHOOL DISTRICT.

No. 41140          March 23, 1959          110 So. 2d 349

*Scott & Scott,* Laurel, for appellant.

*S. B. Majure,* Richton, *M. M. Roberts,* Hattiesburg, for appellee.

Gillespie, J.

The State's Bond Attorney filed his opinion and all legal papers in connection with the issuance of school bonds of the Richton Municipal School District with the chancery clerk as required by Section 4314, Code of 1942. Upon notice to him of this fact, the chancellor set the matter for hearing on November 1, 1958, and the chancery clerk then gave the proper notice to taxpayers to file their written objections, if any, on or before the date set by the chancellor. Appellant filed his written objections in due time, claiming that the bond issue election was illegal and fraudulent. On November 1, 1958, the proponents of the bond issue filed a motion for an order requiring appellant, the objector, to file a bond to secure court costs. Over objection of appellant, the court ordered appellant to post a $5,000 bond to secure the costs. Appellant declined to post the bond. The court then entered a decree validating the bonds and dismissing appellant's objections. This appeal is from the final decree validating the bonds wherein appellant's objections were dismissed without a hearing on the objections.

The question is whether the chancellor erred in requiring the appellant to post the $5,000 costs bond.

Prior to the enactment of Chapter 32, Laws of 1928, the issuing district was liable for all costs of the validation proceedings, even when objections were filed. Miller v. Silver Creek Separate School District, 131 Miss. 702, 95 So. 688. Under Section 4318, the taxation of costs in such proceedings is discretionary when objections are filed.

The publication of notice to taxpayers is process which requires their appearance if they have any objections to the validation of the bonds. ■■■ The proceedings under Section 4314, et seq., is a case in court with adverse parties, the issuing district on the one hand and the taxpayers on the other. See Love v. Mayor and Board of Aldermen of Yazoo City, 162 Miss. 65, 138 So. 600.

■■■ There is no statute and no precedent to sustain the action of the chancellor in requiring the cost bond in this case. There are statutes requiring a plaintiff or complainant to secure the costs either before suit is commenced or after the suit has been filed. We are unable to find, and counsel for appellee has not cited, any statute or precedent whereby a person who has been summoned into court may be required to secure the costs before he files his answer or objections. In the present proceedings, the chancellor may exercise discretion as to the taxing of costs, but from the nature of these proceedings he could not exercise that discretion until after the objections were heard. Moreover, the amount of the bond in this case is such that to all practicable purposes the taxpayer was refused the right, given by law, to object to the validation of the bonds. We hold that the chancellor erred in requiring the cost bond.

■■■ Appellee says that the appeal is not from a final decree. We fail to see any merit whatever in this contention. The dismissal of appellant's objections was final. ■■■ And there is just as little merit in the contention that the question is moot because the bonds were delivered to the purchaser on November 3, 1958. Any right of the appellant to have his objections heard would not in any way be affected by the delivery of the bonds.

■■■ Appellee also contends that the objections filed by appellant were insufficient at law. Appellee did not test the legal sufficiency of the objections. If appellee had demurred, appellant would have had the right to amend if his objections were not sufficient. If a motion

to strike had been made, the chancellor should have allowed an amendment if tendered. In Lee v. Hancock County, 181 Miss. 847, 178 So. 790, this Court said:

"The appellee says that the court below should have stricken the amended objections from the record, for the reason that the statute contemplates that all objections thereto should be filed on or before the date first set for the hearing thereof. With this we are unable to agree. The clear intent of section 313 of the Code of 1930 is that a proposed issue of bonds by a political subdivision of the state shall not be permitted if there is a valid objection thereto. This intent might be nullified if a taxpayer is not permitted to amend his objections to the issuance of bonds prior to the final hearing as to their validity."

Section 4314, Code of 1942, the statute under which these proceedings were brought, provides in part: "And on the hearing the chancellor may hear additional competent relevant and material evidence under the rules applicable to such evidence in the chancery court, so as to inquire into the validity of the bonds or other objections proposed to be issued, and enter a decree in accordance with his findings." The statute clearly requires that when objections are filed a hearing must be had within ten days at which time any competent, relevant and material evidence may be heard so as to inquire into the validity of the bonds. Lee v. Hancock County, supra.

The decree of the chancellor is reversed and the cause remanded for further proceedings not inconsistent herewith.

Motion to dismiss appeal overruled; reversed and remanded.

*Roberds, P. J.,* and *Hall, Lee* and *Arrington, JJ.,* concur.