SMITH *v.* BALLARD, MAYOR OF CITY OF TUPELO et al.

No. 41851          May 8, 1961          129 So. 2d 635

*Adams, Long & Adams,* Tupelo, for appellant.

*Lumpkin, Holland & Ray, Bolton & Doty,* Tupelo, for appellees.

ETHRIDGE, J.

We are concerned here only with the question of whether a resolution of a municipal governing board for the employment of special legal counsel in certain cases was sufficiently definite to constitute a contract for such service. The problem arose in this manner. On August 22, 1955, appellant D. D. Smith filed in the Chancery Court of Lee County a suit against appellees, the mayor and chief of police of the City of Tupelo, and the City, seeking to enjoin defendants from enforcing against him certain zoning ordinances, and preventing him from installing gasoline pumps and tanks in front of his grocery store. On the same date complainant made an injunction bond and obtained a temporary injunction against defendants.

At a meeting of the Mayor and Board of Aldermen that same day, the minutes reflect a resolution entitled "In the matter of employing C. R. Bolton". The resolution stated that "it was so ordered by the Board that C. R. Bolton be and hereby is employed to assist City Attorney Sam Lumpkin in any way that is necessary in the preparation of the case or cases that involve the legality of any and all ordinances in the City of Tupelo."

Subsequently Bolton worked with the city attorney in preparing the case for trial on behalf of the defendants, participated in trying it, and handling it on appeal. The decree of the chancery court made the temporary injunction permanent and enjoined defendants from prosecuting complainant under the city's zoning ordinances of 1946 and 1953, on the ground that they were both void. Defendants appealed to this Court, which reversed the decree, upheld the validity of the 1946 zoning ordinance and its application to complainant, rendered judgment for defendants, and remanded the cause to the chancery court for the purpose of assessing damages for wrongful issuance of the injunction. Ballard v. Smith, 234 Miss. 531, 107 So. 2d 580 (1958).

On remand, the trial court held a hearing on the city's suggestion of damages, which consisted solely of the city's claim of damages for attorney's fees. After hearing testimony as to the legal services performed, and what would be a proper fee, the chancellor held that the quoted resolution was sufficient to place legal liability upon the city, and awarded as damages and a reasonable attorney's fee the sum of $750.00, against appellant and the sureties on the injunction bond. This appeal is from that decree.

■■■ Appellant contends that the resolution is too indefinite to constitute a contract for the employment of Bolton, it only indicated he was to assist in the preparation of the case or cases, did not specifically identify this case, fixed no amount for the fee, and delegated to the city attorney the determination of when and whether to utilize Bolton's services. Although the resolution is perhaps more general than it should be, we think it was sufficient to constitute a contract of employment binding upon the city. ■■■ Its title states that it is "in the matter of employing C. R. Bolton". It then states that Bolton "be and (he) hereby is employed". The purpose of the employment, it said, was to assist the city attorney in any way necessary "in the preparation of the case or cases" involving the legality of city ordinances. The resolution did not specifically identify the suit brought by Smith, but it was passed on the same date the temporary injunction was obtained. It is undisputed that Bolton performed the legal services in question with respect to that particular case. The resolution refers to the "preparation" of the case or cases. Although that word, if strictly construed, refers only to the preparing of the case, we think it was the manifest intention of the board, which Bolton carried out, for him to prepare it for trial and for appeal, and to try before the courts the issues therein. To insist on limiting the lawyer's employment to the mere preparation of the

case for trial, in the light of all these surrounding circumstances, and the other provisions of the resolution, would be to apply to the board's order a technical and restricted interpretation, contrary to the intent, and to what was actually done.

■■ The board had the power to employ special counsel to represent it. Miss. Code 1942, Rec., Section 3374-95. It intended to exercise this power in this instance. In Gwin v. City of Greenwood, 159 Miss. 110, 131 So. 821 (1931), it was argued that the city council's resolution authorized employment of special counsel only for appearance in the chancery court and not the Supreme Court. Considering together the two orders, the Court said this was a "strained construction" and held that the orders extended to services in both courts. See also Vicksburg Water Works Co. v. Mayor & Aldermen of City of Vicksburg, 99 Miss. 132, 54 So. 852 (1910). Strictness in verbiage is not required in the minutes of a board of supervisors, nor, we think, in the minutes of a governing body of a municipality. It is not a tribunal of legal experts but of laymen, and all that is required is substance and good sense in the terms used, under a reasonable and fair construction of its provisions. See Peoples Bank of Weir v. Attala County, 156 Miss. 560, 126 So. 192 (1930). Hence the chancery court was correct in holding that the resolution employing special counsel was a valid contract with him, and in assessing the amount of his legal fee as damages incurred by the city from wrongful issuance of the injunction in appellant's favor.

Affirmed.

*Lee, P. J.*, and *Kyle, Arrington* and *Rodgers, JJ.*, concur.