IN RE VALIDATION OF $250,000 SCHOOL BONDS, GREENE COUNTY SCHOOL DISTRICT; MILLS, et al., OBJECTORS v. BOARD OF SUPERVISORS OF GREENE COUNTY, MISS., et al.

No. 42623          March. 4, 1963,          150 So. 2d 412

*Jesse M. Byrd,* Leakesville; *Ben Stevens,* Hattiesburg, for appellants.

*William A. Bacon,* Jackson; *Curtis Breland,* Leaksville, for appellees.

McGehee, C. J.

During the early part of the year 1962 the whole of Greene County, Mississippi, was organized, consolidated and reconstituted into the Greene County School District.

On February 1, 1962, the Greene County School District through its County Board of Education adopted a resolution, and submitted a certified copy of the same to the Board of Supervisors of Greene County, Mississippi, as provided by Section 6532-04, Code of 1942 Rec., wherein it is recited, as provided by Section 6532-04, Code of 1942 Rec.:

"Be it Resolved by the Greene County School Board, acting as such, and as Trustees of the Greene County School District, that the Board of Supervisors of Greene County, Mississippi, be, and it is, hereby requested to proceed, under the provisions of * * * Sections 6532-01, et seq., of the Mississippi Code of 1942, Annotated, to call and have an election to authorize, and to issue thereafter, in whole or in part, bonds of the said Greene County School Districts, which includes the entire of Greene County Mississippi, in an amount not to exceed Two Hundred Fifty Thousand Dollars ($250,000.00), for the following purposes:

"(a) Erecting, repairing, equipping, remodeling and enlarging school buildings and related facilities, including gymnasiums, auditoriums, lunch rooms, vocational training buildings, libraries, teacher's homes, school barnes, garages for transportation vehicles, and purchasing land therefor;

"(b) Establishing and equipping school athletic fields and necessary facilities connected therewith, and purchasing land therefor;

"(c) Providing necessary water, light, heating and sewerage facilities for school buildings, and purchasing land therefor."

Thereafter on February 5, 1962, the Board of Supervisors of Greene County took note of the said resolution and request of the Greene County School Board, and found that school bonds in an amount not to exceed $250,000 should be issued for the purposes set forth in the said resolution of the County School Board. And

on that same day the Board of Supervisors called an election in accordance with a notice from the Chancery Clerk of Greene County to the Election Commissioners, to be held on March 13, 1962, to determine the question of whether or not school bonds not to exceed $250,000 should be issued for the purposes set forth in the *resolution* adopted by the County School Board on February 1, 1962, as specifically required by Section 6532-04, Code of 1942 Rec.

The Election Commissioners reported that the said election had been duly held, and had carried in favor of the bond issue by a vote of 1190 to 789, the required three-fifths vote necessary in such an election and which majority vote was thereafter duly determined and adjudicated by the Board of Supervisors. The amount of the proposed bond issue did not exceed any limitation prescribed by law for such a bond issue.

We have duly and carefully examined all of the proceedings had and done by the County School Board of Education, the Board of Supervisors, the County Election Commissioners, and the Chancery Clerk, and we find that all of the said proceedings are regular and in full compliance with the applicable statutes as to form and substance; that the returns of the election have been duly and legally certified to and show that the required three-fifths vote was in favor of the issuance of said bonds and that 789 votes were cast against the issuance thereof; and that said report of the Election Commissioners was signed and filed with the clerk of the proper court on March 14, 1962, and shows that the notice to the qualified electors of the holding of said election fully set forth the purposes for which the bonds were issued, in accordance with Sections 6532-01 and 6532-04, Code of 1942, Rec.

After the date was set for the hearing before the Chancellor of the petition for a validation of the bond issue. the objectors Hardy Mills, Charlie Byrd, Woodie

McLeod and Willie Kittrell submitted their objections to the validation of the said bonds, stating, among other things, that the order of the Board of Supervisors calling for said election and the notice thereof as published are (1) "too general in their terms and are not specific as to the exact plans and purposes for which said bonds are to be issued and as to what construction, repairs and improvements were to be made with the money derived from the proceeds of the said bonds"; (2) that the objectors have been informed and they charge the truth to be that there had been certain failures to comply with the law in the matter of holding the election, namely, that a number of ballots in each of the voting precincts were not initialed; that persons who were not qualified electors were permitted to vote in each of the voting precincts of the school district; that at the Maples and State Line precincts voters were openly instructed by certain of the election officials at said precincts as to how to vote; and that at the Leakesville, State Line and Vernon precincts certain voters marked their ballots and voted outside of the booths provided as voting places for such precincts. **(Hn 1)** Under the decisions of this Court in the cases of In Re Savannah Special Consolidated School District of Pearl River County, 208 Miss. 460, 44 So. 2d 545; and Tedder, et al v. Board of Supervisors of Bolivar County, 214 Miss. 717, 59 So. 2d 329, no plans and specifications were required to be adopted prior to the issuance and sale of the bonds.

Some of the alleged failures to comply with the election laws are governed by the Corrupt Practices Act pertaining to primary elections for the selection of nominees of a party. **(Hn 2)** But we are of the opinion that permitting persons to vote in the election who were not qualified electors would constitute a valid objection to any kind of an election under the laws of this State. As above shown, it is alleged as one of the objections

that persons were permitted to vote in the election who were not qualified electors.

(Hn 3) At the validation hearing on August 27, 1962, the chancellor sustained a motion to strike "that part of the objections contained in the petition contesting the bond issue insofar as same related to the objections that had been heretofore presented to and determined by the board of supervisors". This action was taken by the chancellor in view of the fact that there had been no appeal from a previous order of the board of supervisors wherein the objections had been overruled. This action by the chancellor was error since Section 1195, Code of 1942 Rec., provides that "all objections to any matters relating to the issuance and sale of bonds shall be adjudicated and determined by the chancery court, in accordance with the provisions of Sections 4314-4318, both inclusive, of the Mississippi Code of 1942. And all rights of the parties shall be preserved, and not foreclosed, for the hearing before the chancery court, or the chancellor in vacation." We think that this amendment to the statute has the effect of requiring that the objections to the issuance and sale of school bonds shall be carried over to and heard at the hearing of the validation proceedings, whether the order of the Board of Supervisors is appealed from or not, and that all rights of the parties shall be preserved and not foreclosed by any previous hearing held by the board of supervisors. The statute was further amended on June 1, 1962, by Ch. 240, Laws of 1962, but the only amendment made to Section 1195, Code of 1942 Rec., was to the effect that "nothing in this Act shall affect pending litigation." Therefore the latest amendment does not affect the instant bond issue, since the litigation was pending long prior to June 1, 1962.

While we find that all of the proceedings contained in the record are regular, in proper order and valid as to form and substance relating to the creation of the

district, the resolution of the County School Board requesting the issuance and sale of the bonds in question, the order of the board of supervisors and the notice to the qualified electors of the election, we are of the opinion that this cause should be reversed and remanded to the Chancery Court of Greene County in order that the Chancellor may hear and determine the objections, such as the objection that persons were allowed to vote in the election who were not qualified electors.

We think that the cases of Briggs v. Gautier, 195 Miss. 472, 15 So. 2d 209; Walker v. Smith, 213 Miss. 255, 56 So. 2d 84; Hays v. Abney, 186 Miss. 208, 188 So. 533; May v. Layton, 213 Miss. 129, 56 So. 2d 89; Chinn v. Cousins, 201 Miss. 1, 27 So. 2d 882; Trahan v. Simmons, 191 Miss. 353, 2 So. 2d 575, are controlled by the provisions of the Mississippi Corrupt Practices Act and are applicable to primary elections and the selection of party nominees and that the same are inapplicable to most of the objections to the validity of the election in the instant case. The same is true as to the case of Ulmer v. Currie, (Miss.) 147 So. 2d 286.

(Hn 4) We think that Section 1195, Code 1942 Rec., as amended on June 1, 1962, by Ch. 240, Laws of 1962, requires that when objections to the validation of bonds are filed a hearing must be had on the objections, and at which time any competent, material, and relevant evidence may be heard, so as to inquire into the validity of the bonds. Mills v. Richton Separate School District, 236 Miss. 273, 110 So. 2d 349.

In the instant case the motion to strike that part of the objections filed by certain taxpayers, insofar as the same related to the objections that had been theretofore presented to and determined by the board of supervisors should not have been sustained. We think that the record discloses on the whole that the motion to strike such objections was sustained by the trial court on the ground that the determination of the board of

supervisors as to the said objections was res judicata, and that in this the trial court was in error since Section 1195, Code 1942 Rec., and as amended, expressly requires that "all objections to any matters relating to the issuance and sale of bonds shall be adjudicated and determined by the chancery court, * * *. And that all rights of the parties shall be preserved, and not foreclosed, for the hearing before the chancery court, or the chancellor in vacation." **(Hn 5)** We think that objections to the manner of the holding of an election on a bond issue, when it is alleged "that persons who were not qualified electors were permitted to vote in each of the precincts of the school district" related to the validity of the issuance and sale of bonds.

**(Hn 6)** It is true that the objectors did not ask for the privilege of making their record, when the chancellor sustained a motion to strike such of their objections as had been heard and determined by the board of supervisors, and when the objectors then failed to offer their proof, we think that when the objections were stricken from the record there was nothing left for proof to be offered in support of, and in this situation the general rule is not applicable which requires a litigant to dictate into the record what he proposes to show, when objections to testimony which he wants to offer is sustained.

Affirmed in part, reversed in part, and remanded.

All Justices concur.