GILLESPIE, Presiding Justice:
Robert Jennings and other qualified electors of Smith County appeal from an interlocutory decree of the Chancery Court of Smith County, dissolving a temporary writ of injunction. The appeal was allowed by the chancellor with supersedeas.
Pursuant to Mississippi Code Annotated section 7129-51 (1954), on May 3, 1965, the Board of Supervisors of Smith County adopted a resolution declaring its intention to issue $250,000 of bonds for the purpose of building a hospital, and published its notice of intention as required by law. Prior to June 7, 1965, petitions bearing the names of numerous people, including appellants’, were filed with the Board of Supervisors of Smith County. The petitioners contended that the petitions bore the genuine signatures of more than twenty per cent of the qualified electors of the county. The petitions requested an election on the question of the issuance of the bonds in accordance with Mississippi Code Annotated section 2926-05 (1956). On June 7, 1965, the Board of Supervisors continued the matter of canvassing the petitions to determine whether they were signed by twenty per cent of the qualified electors, for fuither hearing at the July 1965 meeting. On July 6, 1965, the Board of Supervisors entered an order adjudicating that the petitions did not contain the genuine signatures of twenty per cent of the qualified electors of the county. On the same date the Board rescinded the previous resolution for the issuance of the $250,000 in bonds, declared its intention to issue bonds totaling $251,000, and provided that persons objecting to said bond issue would have until August 2, 1965, to file written petitions signed by twenty per cent of the qualified electors of the county. Appellants did not appeal from the order of July 6, 1965. This suit for an injunction was filed on July 30, 1965, and a temporary injunction was issued enjoining the Board from proceeding further with the issuance of the bonds.
When the case came on for hearing on the answer of defendants and motion to dissolve the temporary injunction, no evidence was offered, except certain stipulations with reference to when the July 1965 Term of the Board of Supervisors adjourned, and the amount of attorneys’ fees which should be allowed on the injunction bond should the motion to dissolve be sustained. It was also agreed that all the orders of the Board referred to above, and which were exhibits to the pleadings, were of record in the minute book. Appellants offered no proof to sustain the averments of the bill.
Appellants’ failure to offer any proof to sustain their bill of complaint was sufficient cause to dissolve the temporary injunction. The answer of appellee denied the factual averments which appellants relied upon for the issuance of the temporary injunction, and the answer effectively denied all the equities of the bill. When a motion to dissolve an injunction is on bill and answer, and the answer denies all the equities of the bill, the general rule is that the defendant is entitled to *647 have tlie injunction dissolved, unless the bill is proved. Griffith, Mississippi Chancery Practice § 453 (2d ed. 1950).
Appellants contend that the chancellor was in error in ruling that the only remedy appellants had was to appeal from the order of the Board of Supervisors determining that the petitions filed by appellants did not contain the genuine signatures of twenty per cent of the qualified electors of the county. If any such ruling was made by the chancellor, it was oral, since the record does not contain any statement by the chancellor on that question. Appellee contended in its answer that appellants’ remedy was by appeal from the Board’s order as provided by Mississippi Code Annotated section 1195 (1962), which provides that any person aggrieved by an order of the board of supervisors or municipal authorities may appeal to the circuit court. The second paragraph of said statute is as follows:
Provided, however, that no appeal to the circuit court shall be taken from any order of the board of supervisors or municipal authorities which authorizes the issuance or sale of bonds, but all objections to any matters relating to the issuance and sale of bonds shall be adjudicated and determined by the chancery court, in accordance with the provisions of Sections 4314 and 4318, both inclusive, of the Mississippi Code of 1942. And all rights of the parties shall be preserved and not foreclosed, for the hearing before the chancery court, or the chancellor in vacation. Provided, further, nothing in this Act shall affect pending litigation.
The quoted part of this statute was added by Chapter 33, Laws Extraordinary Session 1955. This amendment resolved any doubt as to the proper time and place to raise objections to the issuance of bonds by order of the board of supervisors or municipal authorities. It provides that .“all objections to any matters relating to the issuance and sale of bonds shall be adjudicated and determined by the chancery court, in accordance with the provisions of Sections 4314 and 4318” of the Mississippi Code Annotated. These sections of the code provide for a validation suit in the chancery court. In the recent case of Mills v. Board of Supervisors of Greene County, Mississippi, 246 Miss. 470, 481, 150 So.2d 412, 415 (1963), this Court said:
‘ * * * Anci au rights of the parties shall be preserved, and not foreclosed, for the hearing before the chancery court, or the chancellor in vacation.’ We think that this amendment to the statute has the effect of requiring that the objections to the issuance and sale of school bonds shall be carried over to and heard at the hearing of the validation proceedings, whether the order of the Board of Supervisors is appealed from or not, and that all rights of the parties shall be preserved and not foreclosed by any previous hearing held by the board of supervisors.
The validation proceedings provide appellants an adequate remedy to raise objections “to any matter relating to the issuance and sale” of said bonds. In our opinion the legislature intended that the validation proceedings should be the exclusive remedy for raising objections in connection with the issuance and sale of bonds, except those which could be or should be raised before the board of supervisors or municipal authorities. Certainly the legislature did not intend for a party to have the right to prosecute appeals from the orders of the board of supervisors and have the right to raise the same questions in the validation proceedings. We hold, therefore, that the injunction was properly dissolved for the additional reason that any obj ections appellants had to the issuance and sale of the bonds could only be raised in the validation proceedings.
*648 The motion of appellee for attorneys’ fees for services in this Court is sustained, and the sum of $500 is allowed. This is in accordance with the usual practice of this Court to allow one-half of the amount allowed in the trial court.
The trial court did not dismiss the bill of complaint, but merely dissolved the injunction. Therefore we affirm the case, sustain the motion for attorneys’ fees, and remand the case for further proceedings, consistent with the opinion.
Affirmed; motion for attorneys’ fees allowed; and remanded.
ETHRIDGE, C. J., and RODGERS, JONES and ROBERTSON, JJ., concur.