ETHRIDGE, Chief Justice.
This is a proceeding to validate $750,000 of special street improvement bonds of 1968, of the City of Bay St. Louis, Mississippi. Miss.Code 1942 Ann. § 4314 (1956). Appellants filed written objections, and after a hearing the Chancery Court of Hancock County rendered a decree validating the bonds.
The statute authorizes any municipality to cause designated local improvements to *721 be made in whole or in part at the cost of property owners benefitted thereby, by levying and collecting special assessments. Miss.Code 1942 Ann. § 3664-01 (1956). The construction of “local improvements” is authorized, including streets, highways, sidewalks, and water mains. § 3664 — 02. When the municipal governing authorities shall determine to make “any local or special improvement,” the cost of which or any part thereof is to be assessed against the property benefitted, they must adopt a resolution declaring it necessary, describing the nature and extent of the work, the general character of the materials to be used, and the location and terminal points of the streets. The resolution must be published and notice of the hearing of objections at a designated time shall be given. § 3664-03. At that meeting any aggrieved person may appear and object or protest to the improvements or any part of them. The governing authorities must consider the objections and protests, if any, and may confirm, modify, or rescind the resolution of necessity, determining whether the improvements shall be made and how the cost shall be paid. § 3664-04. Code section 3664-04 then provides:
The determination of such governing authorities shall be final and conclusive; provided, however, that if a majority of property owners owning more than fifty per cent (50%) of the front footage of the property involved and actually residing on property owned by them and included within that part of any street, avenue, etc., ordered to be specially improved, or otherwise actually occupying property owned by them and included within that area shall file a protest, then the improvement shall not be made.
The statutes, under which this bond issue of the City of Bay St. Louis has been determined to be made, do not limit the number of streets or the percentage of streets of a municipality which may be improved. Appellants argue that special improvement statutes cannot be utilized for a general street improvement program, and that there must be an adjudication of special benefits to the abutting property owners. The record does not reflect what percentage of the city’s streets will be improved by this bond issue, but it does reflect that there are a number of streets which are not included.
The mayor and commissioners exercise a legislative function in determining the character and extent of street improvements. Their decision is reviewable only if it is unlawful, or arbitrary, or reflects an abuse of discretion. 48 Am.Jur. Special or Local Assessments §§ 25, 26 (1943). Moreover, special or local improvements generally result not only in special benefit to certain property, but in general benefit to the public at large. The fact that a local improvement may incidentally benefit the entire city does not destroy its use for a local assessment. Id. § 24. The stated special or local improvement statutes can be utilized for the street improvements designated by the City Council.
The minutes of the governing authorities of the city reflect that they adjudicated the necessary, statutory jurisdictional facts. The resolution recited, among other things, that on certain streets a majority of the property owners owning more than fifty percent of the front footage of the property and actually residing on the property or otherwise actually occupying the property filed protests against certain designated streets, and that those were removed from the proposed improvements. It further stated that other streets on which there was not a majority protesting were included in the improvement program. The resolution tracked the statute and contains no jurisdictional defects. It was not necessary to adjudicate eviden-tiary facts which the mayor and commissioners considered prior to making their determinations on the ultimate facts. Smith v. Ballard, 241 Miss. 194, 129 So.2d 635 (1961); Pettibone v. Wells, 181 Miss. 425, 179 So. 336 (1938); Hinton v. Board *722 of Sup’rs of Perry County, 84 Miss. 536, 36 So. 565 (1904).
The mayor and board of commissioners were lawfully in session on September 10, 1968, when they adopted the resolution adjudicating the results of the protests and directing sale of the bonds. Protests were received on August 30, 1968, and the council then adjudicated that it would continue to consider the same from day to day until finally determined. It recessed until 10 A.M. on August 31. Subsequent recess meetings were held at 10 A.M. on each of the stated days, but the recessing order itself simply stated that the council would recess until the stated day, without referring to the time of the meeting. Yet each day, the meeting was convened at 10 A.M., as reflected by subsequent minutes. Considered as an entirety, the minutes of the council from September 3 through 10 were sufficient to place the council in a recessed meeting on the latter date. The minutes leave no doubt that the council intended to stay in session and was in session from day to day for the purpose of considering matters connected with the bond issue. Cf. In Re Validation of $30,000 Road and Bridge Bonds of Neshoba County, 242 Miss. 125, 133 So.2d 267 (1961); Hawkins v. City of West Point, 200 Miss. 616, 27 So.2d 549 (1946).
 The special improvement statutes are legitimate exercises of the taxing power of the legislature. Daily v. Swope, 47 Miss. 367 (1872); Nugent v. City of Jackson, 72 Miss. 1040, 18 So. 493 (1895); 48 Am.Jur. Special or Local Assessments §§ 8-13 (1943). Nor were these statutes unconstitutionally applied in the instant case. Commissioner Glover was offered by appellants as a witness, and he testified as to the general method of considering the protests. After his testimony was in the record, the trial court sustained appellee’s objection to it as irrelevant. However, assuming it to be admissible, his testimony does not show any violation of the statutory methods of considering protests, either as to particular streets or in general.
The record contains the opinion of the State Bond Attorney approving validity of the bonds. Miss.Code 1942 Ann. § 4314 (1956). Appellants argue that he must be notified and must appear and attend the hearing. However, they did not raise this question in the lower court, and we do not reach it here. Adequacy of the street improvement plan is a legislative question for the city council and the voters and taxpayers of the city, not a judicial issue. Also, the record supports the chancellor’s finding that plans and specifications for the proposed work were on file in the office of the city clerk.
Mississippi Code 1942 Annotated Section 1195 (Supp.1966) provides for a general method of appeal from decisions of boards of supervisors and municipal authorities. It then states:
Provided, however, that no appeal to the circuit court shall be taken from any order of the board of supervisors or municipal authorities which authorizes the issuance or sale of bonds, but all objections to any matters relating to the issuance and sale of bonds shall be adjudicated and determined by the chancery court, in accordance with the provisions of sections 4314 and 4318, both inclusive, of the Mississippi Code of 1942. And all rights of the parties shall be preserved and not foreclosed, for the hearing before the chancery court, or the chancellor in vacation.
Appellants assert that under code section 1195 they were entitled to a judicial review of each and every step leading to the issuance and sale of the bonds, including the consideration and purging of protests as to streets, and that the court denied them this right. Code section 1195 provides that “all objections to any matters relating to the issuance and sale of bonds shall be adjudicated and determined by the chancery court” in the validation proceed *723 ings, and that “all rights of the parties shall be preserved, and not foreclosed, for the hearing before the chancery court * * * ”
On October 10, 1968, appellants filed objections to the validation. Number 16 averred in general terms:
Petitioners believe and aver that the City, in the purge of the protests on file with City by various property owners, did act unconstitutionally in their application of said laws in that they denied numerous property owners the right to protest against said Special program, and had said protests not been denied, many other protests to same would have been made; petitioners believe and aver that the City did not follow the requirements of law in its attempted purge of said protests.
The chancellor set the validation proceeding for trial on October 18, 1968, and the hearing was begun on that date. The chancellor rendered his opinion validating the bonds on October 22, 1968, and entered his decree to that effect on October 24, 1968. Three days after the hearing had begun appellants filed a motion on October 21 for leave to amend objection number 16, to aver that on information and belief certain designated streets in the city should have been deleted from the resolution to proceed with the bond issue, because there were sufficient protests which required that these streets be deleted, following which was a list of fourteen streets. The chancellor heard and considered the motion, found that “it comes too late,” and overruled it.
Code section 4314, the validation statute, requires that written objections must be filed to the validation of bonds “by the time set for the validation hearing.” It further states that “on the hearing the chancellor may hear additional competent, relevant and material evidence under the rules applicable to such evidence in the chancery court * * *.” (Emphasis added.) Lee v. Hancock County, 181 Miss. 847, 178 So. 790, 179 So. 559 (1938), interpreting this statute, held that objectors to a bond issue were entitled to amend their objections at any time “prior to the final hearing as to their validity.”
In the instant case, the final hearing had begun and thereafter appellants’ motion to amend their objections by being more specific was made and the chancellor overruled it as coming too late. On this record it cannot be said that he abused his discretion in that respect. The statute permits written objections only up to the time set for the validation hearing. Thereafter, amendments are in the sound discretion of the chancellor. Although it is the court’s duty to be liberal in permitting amendments in order to reach the merits of a case, “the parties desiring the amendment are not excused from exercising proper diligence in bringing and preparing their suit for trial. The trial is the time and place to try the suit, not to prepare it for trial.” Griffith, Mississippi Chancery Practice § 392 (2d ed. 1950). An amendment should not be allowed to encourage delay and laches. In short, the determination of whether an amendment should be allowed after the hearing is begun necessarily “must be left to a very large extent to the judicial discretion of the trial court,” reviewable only where there is “a manifest abuse of a sound discretion.” Griffith, Mississippi Chancery Practice § 393 (2d ed. 1950). We cannot say that the chancellor abused his discretion under all of the circumstances.
Mills v. Board of Supervisors of Greene County, 246 Miss. 470, 150 So.2d 412 (1963), did not involve the issues discussed above. There the chancellor struck an objection alleging that qualified electors were not permitted to vote in the voting precincts of the school district, on the erroneous ground that there had been no appeal from a previous order of the board of supervisors. See also Jennings v. Smith County Bd. of Supervisors, 183 So.2d 645 (Miss.1966).
*724 For substantially similar reasons, the chancellor did not err in refusing to allow the amendment toward the latter part of the hearings, where appellants simply stated that they “would like to amend their objections * * * to specify what streets we would like to go into.” Although this part of the record does not show whether this motion to amend refers to the written motion to amend discussed above, it would appear to be the same. However, if it is not, then the oral motion to amend was inadequate for the additional reason that it did not contain a clear statement of the specific amendments and of what movant proposed to show. Griffith, Mississippi Chancery Practice § 391 (2d ed. 1950).
For all of these reasons, the decree of the chancery court is affirmed.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.