McDonald *et al. v.* Spence *et al.*

(In Banc. April 26, 1937. Suggestion of Error Overruled May 17, 1937.)

[174 So. 54. No. 32632.]

Gardner & Backstrom, of Gulfport, for appellee, J. H. Spence, on motion to strike.

J. L. Taylor, White & Morse, of Gulfport, and Geo. R. Smith, of Pass Christian, for other appellees.

**J. F. Galloway** and **Joe Drake Arrington,** both of Gulf-port, and **U. B. Parker,** of Wiggins, for appellants, on motion to strike.

Argued orally by U. B. Parker, for appellant, and by **J. L. Taylor** and **Oscar Backstrom,** for appellee.

**Ethridge, J.,** delivered the opinion of the court.

The appellants were candidates, in a primary election, for municipal offices in the city of Pass Christian, after which they undertook to file a contest thereto under the "Corrupt Practice Act," being section 15 of chapter 19, Laws of Mississippi Extraordinary Session of 1935. The petition for review provided by this act was filed with the circuit clerk, and was presented to the Chief Justice of this court, who appointed Hon. Ben Stevens, Chancellor of the Tenth Chancery Court District, as the judge to hear the contest. The date for the hearing was set and the parties appeared and presented their con-

tentions to the chancellor and election commissioners who decided in favor of the contestees. The appellants then undertook to prepare a bill of exceptions and to prosecute an appeal to this court, in which was set forth what they contended was a history of the trial before the special tribunal, at the conclusion of which is the following:

"The foregoing special bill of exceptions is this day presented and allowed by the undersigned Chancellor within the time allowed for so doing. Done this the 12th day of December, A. D. 1936.

"——————— Chancellor."

It will be noted that the chancellor did not sign this bill of exceptions; it was not corrected so as to show what the statute requires it to show, nor was it presented to and signed by two attorneys as may be done, if the chancellor refuses to sign it, under said act. The chancellor indorsed on this alleged bill of exceptions the following:

"The foregoing Special Bill of Exceptions, which does not set up facts established by cross-examination of witnesses by contestees, and also facts elicited by examination of said witnesses by the court, is this day presented and allowed by the undersigned chancellor who presided at the trial within the time allowed for so doing. Done this the 12th day of December, 1936.

"Ben Stevens, Chancellor."

This, of course, is not a proper bill of exceptions, and does not constitute one within the purview of the statute. Under paragraph (c) of section 15 of chapter 19, Mississippi Extraordinary Session of 1935, it is provided as follows: "When the day for the hearing has been set the circuit clerk shall issue subpoenas for witnesses as in other litigated cases, and he shall also issue a summons to each of the three election commissioners of the county, unless they waive summons, requiring them to attend said hearing, throughout which hearing the said commissioners shall sit with the judge or chancellor as

advisors or assistants in the trial and determination of the facts, and as assistants in counts, calculations and inspections, and in seeing to it that ballots, papers, documents, books and the like are diligently secured against misplacement, alteration, concealment or loss both in the sessions and during recesses or adjournments; the judge or chancellor being however, the controlling judge both of the facts and the law, and to have all the power, in every respect, of a chancellor in term time; and the tribunal shall be attended by the sheriff, and clerk, each with sufficient deputies, and by a court reporter. The special tribunal so constituted shall fully hear the contest or complaint de novo and make a finding dictated to the reporter covering all controverted material issues of fact, together with any dissents of any commissioner, and thereupon the trial judge shall enter the judgment which the county executive committee should have entered, of which the election commissioners shall take judicial notice . . . and in the absence of an appeal, it shall be the duty of the state executive committee forthwith to reassemble and revise any decision theretofore made by it so as to conform to the judicial judgment aforesaid.'' By paragraph (d) of this section of the act, it is provided that, ''Within three days after judgment rendered, unless a longer time not exceeding four additional days be granted by the trial judge, the contestant or contestee, or both, may file an appeal in the supreme court upon giving a cost bond in the sum of three hundred dollars, together with a bill of exceptions which shall state with appropriate fullness the point or points of law at issue with a sufficient synopsis of the facts to fully disclose the bearing and relevancy of the said points of law, the said bill of exceptions to be signed by the trial judge, or in case of his absence or refusal, or disability, by two disinterested attorneys, as is provided by law in other cases of bills of exception. If the findings of fact have been concurred in by all the commissioners in attendance, provided as

many as two of the commissioners are and have been in attendance, the facts shall not be subject to review on appeal, and the bill of exceptions shall not set up the evidence upon which the facts have been determined. But if not so many as two of the commissioners are and have been in attendance or if one or more of the commissioners dissent, a transcript of the testimony may be filed with the bill of exceptions, or within such short time thereafter as the supreme court may allow, and the supreme court upon a review thereof may make such finding upon the facts as the evidence requires, giving only such consideration as the court may think warranted to the presumption of correctness of the conclusions of the trial judge.''

A proper bill of exceptions is necessary to confer jurisdiction on this court, and there is nothing before us that can be construed as a bill of exceptions to confer upon this court the right to decide the matters attempted to be presented. The purported bill of exceptions certainly does not comply with the law upon that subject. While setting up some of the contentions made before the court below, it does not set up, in the manner required by the act, the points of law and the rulings of the court thereon seriatum, with a synopsis of the evidence pertinent to each point, or the ruling sought to be reversed. There is no certificate by the trial judge that this bill of exceptions is a correct statement of the proceedings before him, but, on the contrary, it shows that it is not a correct statement of the proceedings, and it was never presented to and signed by two attorneys, as may have been done where the judge refuses or fails to sign same.

The act contemplates that the bill of exceptions shall contain the petition, answers, and exhibits thereto, and the points raised before the special tribunal, setting forth the rulings thereon, and the facts developed which may be pertinent to an understanding thereof. This act does not authorize the sending up of the stenographer's

notes unless there is a disagreement as to the facts between the judge and one or more of the election commissioners.

The bill of exceptions not being in conformity with the law, there is nothing before us to consider, and we can only look to the stenographer's notes when there is a disagreement as to the facts.

It follows from what we have said that we cannot now decide the many interesting questions presented, including the constitutional questions, presented in the argument. Therefore, we must dismiss the appeal.

Appeal dismissed.