LANDERS *v.* PRATHER.

Division A.   Jan. 14, 1952.

No. 38401 (56 So. (2d) 32)

**Wells & Collins,** for appellant.

**W. W. Hewitt** and **E. C. Barlow,** for appellee.

**Kyle, J.**

This is an election contest case growing out of the Democratic Primary election held for a member of the Board of Supervisors of District No. 2 in Franklin County on August 28, 1951. The appellee, Harvey Prather, was declared the Democratic nominee by the Democratic Executive Committee of the county, and Louie Landers, the appellant, filed a contest of the election. The Democratic Executive Committee refused to hear the petition. Landers then filed a petition for a judicial review. A special tribunal was set up as provided by the statute for the hearing of the petition, and after a hearing on the petition the appellee was declared the nominee for the office, and the contestant's petition was dismissed. From that judgment the contestant prosecutes this appeal.

After hearing the evidence introduced at the trial the special tribunal made a finding of facts, covering the controverted issues, which was incorporated in the record, and the contestant was allowed four days in addition to the three days fixed by the statute to perfect an appeal

to this Court. The decision of the special tribunal was concurred in and signed by the special judge and the three county election commissioners. The attorney for the appellant thereafter presented to the presiding judge a special bill of exceptions, which the presiding judge declined to sign. No disinterested attorneys were present during the trial, and the appellant was therefore unable to comply with the requirements of the statute by having two disinterested attorneys sign the special bill of exceptions. The presiding judge attached to the proposed bill of exceptions a certificate in which he stated that the testimony should be transcribed fully for the reason that he was of the opinion that the proposed bill of exceptions did not correctly reflect the rulings and opinions of the judge and the commissioners. And the presiding judge directed the court reporter to transcribe her notes and file the same as a part of the record.

It is not necessary that we undertake to state the facts alleged in the petition for review, or that we enter into a detailed discussion of the findings of the special tribunal for the reason that the appeal in this case must be dismissed on account of the failure of the appellant to file a proper bill of exceptions.

In McDonald v. Spence, 179 Miss. 342, 174 So. 54, this Court held that in an election contest case of this kind brought before us for review on appeal a proper bill of exceptions is necessary to confer jurisdiction on this Court. And the Court, in its opinion in that case, stated that the act contemplated that the bill of exceptions should contain the petition, answers, and exhibits thereto, and the points raised before the special tribunal, setting forth the rulings thereon, and the facts developed which may be pertinent to an understanding thereof. The Court also made note of the fact that the act does not authorize the sending up of the stenographer's notes, unless there is a disagreement as to the facts between the judge and one or more of the election commissioners.

The bill of exceptions filed in this case is fatally defective in that it was not signed by the presiding judge, or by two disinterested attorneys, as provided by the statute. And, as stated in the McDonald case, the bill of exceptions not being in conformity with the law, there is nothing before us to consider. We can look to the stenographer's notes only when there is a disagreement as to the facts. The appeal must therefore be dismissed.

Appeal dismissed.