## ANDERS *v.* LONGMIRE

No. 40120 December 19, 1955 83 So. 2d 828

*W. A. Geisenberger, Graham Hicks, Joseph E. Brown,* Natchez, for appellant and cross-appellee.

*Brandon, Brandon, Hornsby & Handy, Wm. F. Riley,* Natchez, for appellee and cross-appellant.

ETHRIDGE, J.

This is a primary election contest under the Corrupt Practices Act. Miss. Code 1942, Sections 3158-3195. Appellant, J. M. Anders, the contestant, and appellee Elmer L. Longmire, contestee, were the only candidates in the Democratic primary election held on August 2, 1955 for Democratic nomination for Supervisor of District No. 2 of Adams County, Mississippi. There is only one voting precinct in that district, known as Kingston. The tally by the managers of the election reflected that Longmire received 116 votes and Anders 113 votes. The Adams County Democratic Executive Committee reached the same result in its first count of the ballots, and held that Longmire had won the nomination by a vote of 117 to 116 ballots for Anders. Anders then filed a contest of that decision with the Executive Committee. Longmire denied the basis of this contest, and also filed a

cross-complaint protesting certain actions of the Executive Committee with reference to particular ballots. After a hearing and a recount of the ballots, the Executive Committee decided that it could not determine for which candidate the votes were, which it found to be illegally cast, so it declared the result to be a tie and ordered a new primary election for this office. A judge of this Court entered an order staying further proceedings of the Executive Committee and the holding of a new election pending a judicial appeal of the case on the merits.

Longmire filed in the circuit court a petition to contest the decision of the Executive Committee, under Code Section 3182. A special judge was appointed to hear it. Section 3183. A Special Tribunal, consisting of the appointed judge and of the three county election commissioners, held a lengthy hearing on Longmire's petition and on Anders' answer and cross-complaint. The Special Tribunal unanimously made findings of fact as to a number of ballots. It decided that Longmire had won the nomination by a vote of 115 to 112 for Anders. From that judgment, contestant Anders has appealed to this Court, under Code Section 3185, and contestee Longmire has filed a cross appeal.

To support his appeal under Code Section 3185, Anders has filed what is entitled a ''bill of exceptions'', signed by the presiding judge of the Special Tribunal. This instrument does not ''state with appropriate fullness the point or points of law at issue with a sufficient synopsis of the facts to fully disclose the bearing and relevancy of the said points of law . . .'', as required by this statute. The bill of exceptions simply says that appellant excepts to particular orders and rulings of the trial court, and does not state with appropriate fullness the facts and the points of law. It makes a part of the bill of exceptions all exhibits introduced in evidence in the trial, includes all pleadings before the Democratic

Executive Committee, "and the entire transcript of the testimony and evidence". In other words, the bill of exceptions undertakes to make a part of it by reference a transcript of the testimony taken in the hearing before the Special Tribunal. Appellee Longmire has filed a motion to strike the transcript of stenographic notes of the testimony and evidence. This motion is sustained.

Code Section 3185 expressly states that the appeal is upon a bill of exceptions which states with appropriate fullness a synopsis of the facts and points of law. The act then provides: "If the findings of fact have been concurred in by all the commissioners in attendance, provided as many as two of the commissioners are and have been in attendance, the facts shall not be subject to review on appeal, and the bill of exceptions shall not set up the evidence upon which the facts have been determined. But if not so many as two of the commissioners are and have been in attendance or if one or more of the commissioners dissent, a transcript of the testimony may be filed with the bill of exceptions, or within such short time thereafter as the Supreme Court may allow, and the Supreme Court upon a review thereof may make such finding upon the facts as the evidence requires, giving only such consideration as the court may think warranted to the presumption of correctness of the conclusions of the trial judge."

 █ In other words, the manifest legislative intent was to facilitate speedy appeals in primary election contests. So the appeal is upon a bill of exceptions. █ The act plainly states that if the appointed judge and the election commissioners concur in the findings of fact, the facts are not subject to review on appeal "and the bill of exceptions shall not set up the evidence upon which the facts have been determined." To make that conclusion even more evident, the legislature then stated that if not so many as two of the election commissioners are in attendance, or if one dissents, "a transcript of

the testimony may be filed with the bill of exceptions ..." So clearly the statute prohibits the use of a transcript of the testimony on appeals under it, unless as many as two of the commissioners are absent, or unless one dissents. Hence attaching the transcript of the testimony before the Special Tribunal to appellant's bill of exceptions here was in the face of the express prohibition of that in Section 3185.

McDonald v. Spence, 179 Miss. 342, 347-348, 174 So. 54 (1937), dismissed an appeal where the chancellor did not sign the bill of exceptions. Discussing this question, it was said: "The act contemplates that the bill of exceptions shall contain the petition, answers, and exhibits thereto, and the points raised before the special tribunal, setting forth the rulings thereon, and the facts developed which may be pertinent to an understanding thereof. This act does not authorize the sending up of the stenographer's notes unless there is a disagreement as to the facts between the judge and one or more of the election commissioners.

"The bill of exceptions not being in conformity with the law, there is nothing before us to consider, and we can only look to the stenographer's notes when there is a disagreement as to the facts."

In Landers v. Prather, 213 Miss. 68, 56 So. 2d 32 (1952), the appeal was dismissed because the special bill of exceptions was not signed. The presiding judge declined to sign it, but attached to the proposed bill a certificate in which he stated that the testimony should be transcribed fully because he did not think the proposed bill correctly stated the rulings. The Court quoted with approval from McDonald v. Spence, supra, and said: "the bill of exceptions not being in conformity with the law, there is nothing before us to consider. We can look to the stenographer's notes only when there is a disagreement as to the facts. The appeal must therefore be dismissed."

For the above reasons, appellee's motion to strike the transcript of the stenographer's notes of the evidence and testimony, which was made a part of appellant's bill of exceptions, is sustained.

There remains for our consideration the rather brief bill of exceptions, with the exhibits of the pleadings below attached to it, and the ballots in question which were made a part of the bill of exceptions.

Appellant argues that the trial court erred in rejecting the absentee soldier ballot of H. B. Drane, Jr., for Anders. The basis of its rejection was that the "officer's certificate" required by Code of 1942, Section 3196-10, as amended in 1954, was improperly executed. An absentee member of the armed forces is entitled to vote by an absentee ballot under Sections 3196-01 through 3196-18. The voter signs a printed form of oath required by Section 3196-09, which must be sworn to before a commissioned officer of the armed forces. The Drane ballot complies with this requirement. Section 3196-10 then requires that, in addition, the officer must make a certificate that he complied with the act. The statute provides that the certificate begins "I . . ., hereby certify that," etc. It then states that below this certificate is a blank line under which is the phrase "official title". The certifying officer did not sign the certificate to the Drane ballot at the end of it, but put there only his official title. He signed his name in the blank space of the certificate. This appears to be an exact compliance with the requirement of the act. Although perhaps the certifying officer should be required to sign his name to the certificate at the end of it, the statute does not require it. Hence the Special Tribunal erred in rejecting the Drane ballot for Anders.

There was no error in the trial court's counting for Longmire the two ballots marked Exhibits 2 and 3 to Field's testimony for respondent. Appellant contends that these ballots were illegally identified and

marked by the voter for identification, in violation of Code Section 3274. However, both of these ballots have a clear X mark after Longmire's name, although both of them have some smears and poorly drawn X marks after the names of some of the other candidates on the ballot. Yet they do not indicate that the marks in question were placed there for improper identification, but probably as the result of an unsteady or palsied hand, or poor penmanship. Under Tonner v. Wade, 153 Miss. 722, 121 So. 160 (1929), such marks are presumed to have been innocently or unintentionally made, and "it must be clear that the voter intended to mark for identification." Starnes v. Middleton, No. 40,072, decided December 5, 1955. We certainly cannot say that such intent existed concerning these two ballots. Moreover, this was a question of fact decided adversely to appellant by the Special Tribunal.

Another ballot, Exhibit 1 to Field's testimony for contestee, was marked for Anders and for all of the other candidates voted for thereon in red ink. The Special Tribunal correctly refused to count this ballot for appellant. The record reflects that this was the only ballot in the entire box marked in red ink, and that the circuit clerk furnished the election managers pens and dark colored ink for those voters who desired to use such furnished supplies. On this record we think that it was a question of fact for the trial court to decide whether this ballot, the only one of its kind in the box, had been illegally marked for identification in violation of Code Section 3274. We affirm the finding answering that question in the affirmative.

On the bill of exceptions, we find no error in the refusal of the Special Tribunal to count for Anders the votes of Jean Bourdin and Lester M. Martin, and in deducting those votes from Anders' count. There is no merit in the other assignments of error argued by appellant.

■■ ■ Since Anders' direct appeal does not change the result of the election, we do not find it necessary to pass upon the questions concerning the five ballots complained about by appellee and cross-appellant, Longmire. In summary, we affirm the Special Tribunal's findings and judgment, except that we hold that the absentee soldier ballot of H. B. Drane, Jr., should have been counted for Anders. The result is that Longmire was properly adjudged by the trial court to be the Democratic nominee, but that judgment is modified so as to hold that the final vote was 115 votes for Longmire and 113 for Anders.

Affirmed as modified.

*Roberds*, P. J., and *Lee, Holmes* and *Gillespie*, JJ., concur.