In Re Validation of $250,000 School Bonds, Greene County School District *v.* Board of Supervisors, Greene County, Miss.

No. 43087          February 24, 1964          161 So. 2d 169

*Ben Stevens, Joseph H. Stevens,* Hattiesburg; *Jesse M. Byrd,* Leakesville, for appellant.

*Curtis Breland,* Leakesville; *William A. Bacon,* Jackson, for appellee.

LEE, C. J.

This controversy involves the validity of $250,000 of School Bonds of Greene County School District, and is the second appearance of this cause here. 246 Miss. 470, 150 So. 2d 412. The cause was at that time reversed and remanded to the Chancery Court of Greene County in order that the Chancellor might hear and determine objections that illegal votes had been cast in the election.

On remand, the court gave a wide latitude to the appellants in their efforts to produce proof of the claimed irregularities. At the conclusion of all of the evidence, the court found that the evidence was wholly insufficient to sustain the allegations, and thereupon entered a decree validating the bonds. From the decree granted, the appellants have prosecuted this appeal.

Substantially, the assignments and claims here are that the bonds are invalid because (1) the ballots, which were cast in the election, had not been preserved; (2) the supervisors did not go into the boxes and canvass the returns; (3) ballots were not stricken where the name of a holder of a poll tax receipt was not identical with the name on the registration books; and (4) some of the election officials were not sworn before entering upon the discharge of their duties. In addition to the foregoing, the appellants say that the court erred in its conclusions and findings of fact.

■■ ■ On these questions, the facts appear to be as follows: (1) The election was held on March 12, 1962. Thereafter in June, the regular primary election for the nomination of a congressman and a circuit judge was held; and the following November, the general election was conducted. The same poll books and ballot boxes were used in all of these elections. Appellants did not take any steps to require a recount of the ballots nor to have the ballots and the boxes impounded. Under these circumstances, the circuit clerk and the election commissioners, in preparing for the subsequent primary and election, emptied the boxes and doubtless destroyed the ballots. If the appellants were unable to make out their case on this account, they alone must suffer as they did nothing to preserve the ballots and prevent their destruction. Consequently this position is untenable.

■■ ■ (2). The election commissioners reported the result of the election and the board of supervisors adjudicated that the requisite majority, namely, 1190 voted for, and 789 voted against, the issue of the bonds. The board of course was under obligation to do whatever was necessary to make a valid and proper adjudication. The appellants' position cannot be maintained. While saying that the board refused to open the boxes and count the ballots in their presence, at the same time,

they have in no way established that the determination of the board of supervisors was wrong.

(3). It was shown that several persons voting in this election had only one poll tax receipt. Besides, some persons registered, using their initials, but paid their poll taxes in their given names. This will serve as a concrete example: Mrs. M. R. Smith registers in that name, but her poll tax receipt is made out as Mrs. Mary Smith. Such registrations and receipts were shown to occur frequently in the county. The appellants offered no proof that these two names were actually different persons. Besides, it was not shown that any of such alleged illegal votes were cast for the bond issue. The finding of fact was to the effect that less than one dozen instances of alleged illegal votes were brought into question and that they did not affect the result of the election. It was not even shown that they were against the bond issue. See Trahan v. Simmons, 191 Miss. 353, 2 So. 2d 575, which clearly shows that such evidence as they adduced was insufficient to sustain this position.

■■■ (4). The appellants introduced evidence of several voters who went to the polls early but were there only a few minutes, and testified they did not see the election officials take the oath. In the absence of a charge of fraud or intentional wrong, and proof thereof, mere technical irregularities or omissions will not be permitted to defeat the popular will if there has been an attempt to conform to the law and no injury has resulted to anyone. If the will of the electors has been fairly expressed, courts will not contenance purely technical reasons to overturn the results. See State ex rel v. Greer, 158 Miss. 315, 130 So. 482, and the authorities there cited. See also Gregory v. Sanders, 195 Miss. 508, 15 So. 2d 432. If the officials in fact took their oath before they commenced on the discharge of their duties

— and of course these witnesses could not say about that, no irregularity whatever existed.

A full consideration of the entire record makes it inescapable that the learned Chancellor was manifestly correct in overruling the appellants and in validating and upholding the legality of these bonds.

Consequently, the decree of the trial court must be, and is, affirmed.

Affirmed.

*Ethridge, McElroy, Rodgers and Patterson, JJ.,* concur.