RODGERS, Justice.
This case was appealed from a decree of the Chancery Court of Jackson County, Mississippi, validating the issuance of $175,000 general county funding bonds offered by the Board of Supervisors of that County for the purpose of amortizing the payment of a contract made from the general fund of the county to have a survey and appraisal made of the area ownership and the valuation of the property, including buildings, structures and improvements thereon.
The appellant, who sued as a taxpayer, challenged the legality of the decree validating the bond issue. Testimony was introduced by the appellant in the trial court in support of this issue to show the following facts. On July 2, 1962, Norman T. Lyons, County Tax Assessor, wrote a letter to the Board of Supervisors requesting that it furnish him with maps and plats as authorized by Mississippi Code Annotated section 9771 (1952). The Board of Supervisors (hereafter called the Board), after an exchange of letters with the State Tax Commission and a conference with a representative of the Commission- — gave notice that it would have maps, plats and appraisals made of the taxable lands of Jackson County under the authority of Mississippi Code Annotated section 9794 (1952). Thereafter, on September 5, 1962, the Board gave notice to bidders that it would accept separate or combined bids for the making of maps, plats and also for the making of a survey and appraisal of the taxable property of Jackson County, as authorized by Code section 9794, supra. On October 9, 1962, the Board considered awarding bids on the two separate projects. Thereafter, on October 31, 1962, the Board entered into a contract with W. W. Dibble & Company (hereafter called Dibble & Company) of Sumter, S. C., awarding it a joint contract for the making of maps and plats, and also a contract for making a survey and appraisal of the taxable realty of the county. The bid accepted by the Board was in the total sum of $134,250.
Thereafter, on September 10, 1963, the Board adopted the first of four changes in the contract of Dibble & Company. The Board obtained an additional service from Dibble & Company by securing additional work on the county assessment roll for 1964. On October 4, 1963, the Board adopted change order No. 2, changing the contract of Dibb1e & Company by reducing the performance bond of the Company.
At this juncture, on November 4, 1963, the Board requested the Tax Assessor, Norman T. Lyons, to assess the property in Jackson County at twenty-five per cent of the appraised value as made by Dibble & Company.
On January 6, 1964, the Board made the third change in the contract. The Board purchased from Dibble & Company certain equipment, including an addressograph for an additional consideration, making the total then due Dibble & Company under the amended contract the sum of $156,300.
Thereafter, on May 5, 1964, the Board adopted the fourth change in the contract. The Board employed Dibble & Company to make annual additions, changes and corrections to the tax roll for the year commencing April 1965 for the sum of $8,800, and a like sum each year thereafter. The contract also allowed an additional payment of $6,150 during the fiscal year 1963-1964.
On June 1, 1964, the Board adopted a resolution requesting the Legislature of the State of Mississippi to enact Senate Bill 2165, in which it was stated that the Board entered into a contract with Dibble & Company for the appraisal and reassessment of the taxable property of Jackson County, Mississippi, and had spent from the general fund of the county between $160,000 and $175,000 for this work, and that such ex *422 penditures had placed a financial burden on the general fund of Jackson County. The resolution then requested that the Legislature authorize Jackson County to issue bonds to restore such funds to the general fund of the County.
The Mississippi Legislature passed Senate Bill 2165 as a local act, at the 1964 Regular Session, effective June 11, 1964, authorizing Jackson County to issue bonds to restore to. the general fund of Jackson County, Mississippi, the sum not to exceed $175,000, expended, and to be expended, in causing a reappraisal and reassessment of the taxable property of Jackson County, Mississippi. Thereupon, the Board issued and sold $175,000 general county funding bonds of Jackson County, Mississippi, dated September 11, 1964. The Board then filed the certified transcript of its proceedings in the Chancery Court of Jackson County, Mississippi, on September 8, 1964, seeking a decree validating the issuance of bonds. When notice to the taxpayers was published, the appellant filed objections to the validation of the bonds.
It was stipulated during the trial, by and between the attorneys for appellant and appellee, that neither the minutes of the State Tax Commission of the State of Mississippi, nor the minutes of the Board of Supervisors of Jackson County, show or recite any suggestion of the State Tax Commission to the Board that there should be a reappraisal or reassessment of the taxable property of Jackson County, Mississippi. The testimony offered by appellant shows that the official budget adopted by the Board for the fiscal year 1962-1963 did not include an item showing any assessment for maps, plats, surveys or appraisals. The budget for the fiscal year 1963-1964 did include an item of $69,750 in the general fund of the county for maps and appraisals. The official budget for the fiscal year 1964-1965 also included an item of $17,150 in the general fund for tax purposes showing budgeting for maps and appraisals.
The chancery court did not consider the testimony offered by appellant of the historical events leading up to the time when it became necessary for the Board to seek relief from the Legislature so that the Board could amortize the amount required to be paid out of the general funds of the county for the services rendered by Dibble & Company. However, the chancellor permitted the appellant to complete his record by showing all of the facts heretofore outlined. When the evidence had been incorporated in the record, the chancellor finally sustained an objection by the Board to the testimony on the ground that it was a collateral attack upon the bond issue.
The appellant complains on appeal that the court erred in (1) excluding the proffered testimony; (2) its ruling, since there had been no suggestion by the Tax Commission that there should be a reappraisal and reassessment of the property of Jackson County, Mississippi; (3) that the issue of general obligation bonds vitiated the express prohibition of Mississippi Code Annotated sections 9878 and 9879 (1952), and constituted double taxation because $86,900 had been budgeted for “maps and appraisals” ; and (4) that the validation of the bonds to restore to the general county fund sums expended in violation of law and for a purpose not authorized by law would remit the individual liability of the members of the Board in violation of Mississippi Constitution, 1890, sections 87, 96 and 100.
The contention of the appellant is that the acts of the Board in contracting for a reappraisal of the lands of Jackson County, Mississippi, and other services were illegal acts, and for that reason a bond issue to replace the “illegally spent” funds was in violation of the Constitution of Mississippi. Moreover, it is said that the Board did not follow the authorization to issue bonds set out in Senate Bill 2165, and that this bill did not authorize the issuance of “funding” bonds. Finally, it is contended that Senate Bill 2165, Laws of 1964, is a local act pertaining to “reappraisal and reassessment of taxable lands in Jackson County” and vio *423 lated Mississippi Constitution, 1890, sections 112, 135.
From a careful examination of the record in this case, and cases heretofore decided by this Court, we are of the opinion that the decree of the chancery court was correct and that this case should he affirmed for reasons hereinafter set forth.
We deal first with the contention of appellant that the chancellor was in error in excluding the evidence offered by the appellant on the ground that it was a collateral issue.
In the case of Mills v. Board of Supervisors of Greene County, 246 Miss. 470, 150 So.2d 412 (1963), this Court said:
“In the instant case the motion to strike that part of the objections filed by certain taxpayers, insofar as the same related to the objections that had been theretofore presented to and determined by the board of supervisors should not have been sustained. We think that the record discloses on the whole that the motion to strike such objections was sustained by the trial court on the ground that the determination of the board of supervisors as to the said objections was res judicata, and that in this the trial court was in error since Section 1195, Code 1942 Rec., and as amended, expressly requires that ‘all objections to any matters relating to the issuance and sale of bonds shall be adjudicated and determined by the chancery court, * * *. And all rights of the parties shall be preserved, and not foreclosed, for the hearing before the chancery court, or the chancellor in vacation.’ We think that objections to the manner of the holding of an election on a bond issue, when it is alleged ‘that persons who were not qualified electors were permitted to vote in each of the precincts of the school district’ related to the validity of the issuance and sale of bonds.” 246 Miss, at 480-481, 150 So.2d at 416. (Emphasis supplied.)
This case was then affirmed in part and reversed in part and remanded so that this testimony might be heard by the chancellor. Later, the case of Mills v. Board of Supervisors of Greene County again came to this Court and is reported in 248 Miss. 762, 763, 161 So.2d 169 (1964). The record on the second appeal reveals that the trial court gave a wide latitude to appellant in an effort to produce proof of the claims of irregularities in the election, but after having heard the testimony, the chancellor was of the opinion that it was insufficient to sustain the allegations. He thereupon entered a decree validating the bonds, and on appeal this Court said:
“A full consideration of the entire record makes it inescapable that the learned Chancellor was manifestly correct in overruling the appellants and in validating and upholding the legality of these bonds.” 248 Miss, at 767, 161 So.2d at 170.
We thereupon affirmed the ruling of the trial court.
In the instant case, the chancellor permitted the introduction of the testimony heretofore outlined. The court then held that all of such testimony concerning matters occurring before June 11, 1961, the date of the enactment of Senate Bill 2165, Laws 1964, were collateral to the issuance of the bonds.
The pertinent parts of Mississippi Code Annotated section 1195 (Supp.1964) are in the following words:
“Any person aggrieved by a judgment or decision of the board of supervisors * * may appeal within ten (10) days from the date of adjournment at which session the board of supervisors * * * rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors * * * and the clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill *424 of exceptions as an appellate court, and shall affirm or reverse the judgment; and if the judgment be reversed, the circuit court shall render such judgment as the board or municipal authorities ought to have rendered * * *. (Emphasis •supplied.)
“Provided, however, that no appeal to the •circuit court shall be taken from any order of the board of supervisors or municipal authorities which authorizes the issuance or sale of bonds, but all objections to any matters relating to the issuance and sale of bonds shall be adjudicated and determined by the chancery court, in accordance with the provisions of Sections 4314 and 4318, both inclusive, of the Mississippi Code of 1942. And all rights of the parties shall be preserved and not foreclosed, for the hearing before the chancery court, or the chancellor in vacation. Provided, further, nothing in this Act shall affect pending litigation.1'
It will be noted that it is necessary to appeal from all orders of a board 'except from an order of the board of supervisors which authorized the issuance or sale of bonds. Thus, it is seen that any objections to the orders of a board of supervisors which authorizes the issuance and sale of bonds, and all rights of the parties shall be preserved and not foreclosed, for hearing before the chancery court or the chancellor in vacation. On the other hand, the last paragraph of Code section 1195, supra, does not preserve any objections to orders of the board-of supervisors, which do not authorize the issuance and sale of bonds.
In the case of Biloxi-Pascagoula Real Estate Board, Inc. v. Mississippi Regional Housing Authority, 231 Miss. 89, 94 So.2d 793, 93 So.2d 856 (1957), this Court held that where there was no appeal to the circuit court under Mississippi Code Annotated section 1195 (Supp.1964), and where, pursuant to a notice, the board of supervisors had adopted an order declaring need for the Housing Authority, and such order was not void on its face, it was not subj ect to a collateral attack.
In the case of Jennings v. Smith County Board of Supervisors, 183 So.2d 645 (decided by this Court oh February 14, 1966), this Court pointed out that Mississippi Code Annotated section 1195 (Supp.1964) requires that any obj ection to the issuance and sale of bonds by the board of supervisors must be raised only in validation proceedings. On March 7, 1966, in the same case on suggestion of error, the appellee contended that the provisions of the second paragraph of Mississippi Code Annotated section 1195 (Supp.1964) has no application to the original $250,000 bond issue because there would never be validation proceedings for that bond issue, due to the fact that the board of supervisors had rescinded the order for that issue of bonds; that, therefore, the order determining that the petition of appellants, seeking an election on the issue, did not contain the genuine signatures of twenty per cent of the qualified voters of the county, was a final order, and the only remedy appellants had was to appeal to the circuit court. We pointed out that,
“appellee’s argument would be valid if the $250,000 bond issue was all that was concerned. The injunction was sought to enjoin further proceeding concerning the $251,000.00 of bonds.”
We also said:
“We are saying that appellants are entitled, under the law, to raise in the validation proceedings any valid objection to any matter relating to the issuance of of the bonds.” (Emphasis supplied.)
It is true the bonds were issued to pay the cost due to Dibble & Company, but the mere fact that the Board entered into a contract to make surveys and appraisals of real property in Jackson County is not of itself an illegal act upon the face of the record. Moreover, the contract with Dibble & Company is separate and apart from the issuance of bonds by authority of the Legislature of the State of Mississippi. The attempt to bring into the record by way of objections to the issuance of bonds the alleged illegal acts of the Board, which oc *425 curred prior to and are unrelated to the issuance of the bonds, is an attempt to attack the bond issue collaterally. Therefore the chancellor was correct in refusing to permit the introduction of this testimony.
The next question raised by appellant is whether or not the Board could issue general obligation bonds under Senate Bill 2165, Laws 1964, for a purpose not expressly set out in such act. Senate Bill 2165, Laws 1964, provides that the Board is authorized and empowered to restore to its general county fund the funds not exceeding $175,000 heretofore expended and hereafter to be expended by said county in the reappraisal and reassessment of taxable property within Jackson County. The Board in its award of the contract to Dibble & Company found, in its order, that said contract was entered into pursuant to the suggestion of the State Tax Commission. The resolution adopted by the Board requesting the Legislature to issue bonds also stated that said work was done at the request of the State Tax Commission. It is true that there was a stipulation between the attorneys for the parties that neither the State Tax Commission nor the Board show on their minutes, nor recite a suggestion by the Tax Commission of the State of Mississippi that there be a reappraisal and a reassessment of taxable property within Jackson County; nevertheless, the evidence reveals that there was correspondence between the State Tax Commission and the attorneys for the appel-lee, as well as between the State Tax Commission and the Tax Assessor of Jackson County, Mississippi, concerning the surveys and appraisal of land in Jackson County, Mississippi. Moreover, a representative of the State Tax Commission had conferences with the Board looking toward the reassessment of the property of Jackson County, Mississippi. On the whole record, we believe the bonds were issued for the purpose authorized by the legislative act, Senate Bill 2165.
The third and fourth questions raised by the appellants are whether or not the county can restore funds to the general fund by issuance of general obligation bonds, since it is said the issuance of such bonds would be double taxation, and appellant contends that the county has no right to restore to its general fund monies expended allegedly in violation of the budget law.
We are of the opinion that the issues raised by the third and fourth questions above set out are matters which constitute a collateral attack and cannot be raised on proceedings to validate the bonds inasmuch as these matters are not connected with the validity of the proceedings in the issuance and sale of the bonds, but are issues which should have been raised at the time the alleged matter was decided by the Board.
Finally, it is contended by the appellant that Senate Bill 2165, Laws 1964, violates Mississippi Constitution, 1890, sections 112, 135 and 138. Section 112, supra, deals with the requirements that taxation shall be uniform and equal throughout the state; that property shall be taxed in proportion to its value; that property shall be assessed for taxes under general laws; by uniform rules, and in proportion to its value.
Section 135 of the Constitution, supra, requires that:
“[T]here shall be a sheriff, coroner, assessor, tax collector and surveyor for each county.”
Section 138 of the Constitution, supra, requires that:
“The sheriff, coroner, assessor, surveyor, clerks of courts, and members of the board of supervisors * * * shall be selected in the manner provided by law for each county.”
The theory of appellant’s argument is that Senate Bill 2165 usurps the constitutional powers and duties of the tax assessor of Jackson County. We do not agree with this *426 contention because the mere fact that the Mississippi Constitution requires each county to have a tax assessor does not prevent the Legislature of the State of Mississippi from authorizing the board of supervisors, in its discretion, to employ competent persons to make a survey and an appraisal of property and to pay for this service out of the general fund of the county as is provided by Mississippi Code Annotated section 9794 (1952).
It was pointed out by appellant that the “funding bond statute”, Mississippi Code Annotated sections 9118 to 9125 (1952) inclusive, were repealed, and replaced by sections 9118-01 et seq. (1952), Laws 1950, Chapter 247, and it contended that Senate Bill 2165 is an attempt to refund an illegal obligation incurred by the Board, and for that reason the court erred in not permitting the evidence offered by appellant to show the alleged illegal orders and resolutions of the Board leading up to the resolution requesting the Legislature of Mississippi to authorize it to replace the funds expended out of the general fund of Jackson County, Mississippi. The fallacy of this argument is apparent from a cursory reading of Code section 1195, supra. An appeal must be taken from orders of the board of supervisors within the time allowed by law. This does not mean, of course, that the members of the board of supervisors cannot be sued on their official bonds for illegal acts, nor does it prevent criminal prosecution for fraud.
The appellant cites the case of Beall v. Board of Supervisors, Warren County, 191 Miss. 470, 3 So.2d 839 (1941), where this Court held that a special act authorizing the board of supervisors to reimburse a former sheriff for expenses not authorized by law was void. We do not believe this case is applicable under the facts in the instant case because the Board was authorized by law to cause a survey and appraisal to be made. We do not deem it necessary to pass upon the four changes made in the contract, because all of the evidence offered with regard to the changes was long before, and not a part of, the bond issue authorized by the Legislature, and they simply cannot be considered on the question of the issuance of bonds.
We have examined the authorities cited to sustain the contention of appellant that the acts and contract of the Board in fact amounted to no less than the employment of Dibble & Company to do the work of the county tax assessor. Pearl River County v. Lacey Lbr. Co., 124 Miss. 85, 86 So. 755 (1921); Bullock v. Bd. of Supervisors of Covington County, 77 So. 662 (Miss.1918); Horton v. King, 113 Miss. 60, 73 So. 871 (1917). We have also considered the contention of appellant that this Court has held that the Legislature cannot pass a special act applicable to one county alone, dealing with the assessment of property. We do not believe, however, that these cases cited by the appellant to sustain his argument that Senate Bill 2165 violated the terms of Mississippi Constitution, 1890', sections 112, 135 and 138, are applicable to the facts in this case because, in the instant case, the Board had the authority under the general laws (Code § 9794, supra) to have the property surveyed and the valuation appraised. The Legislature had the authority under the Constitution of Mississippi to permit a subdivision of the state to amortize the payment of the contract authorized by law and requested to be paid from a general fund.
The gist of appellant’s contention throughout the trial of this case in the chancery court, and on appeal to this Court, is that the bond issue is unauthorized by the Mississippi Constitution and Senate Bill 2165 is an unlawful attempt on the part of the Legislature to permit the Board to pay for an illegal indebtedness. The objection to the validity of the contract, and the acts of the Board, however, are not before the Court because no obj ection was made to the contract or to *427 the changes made thereto, and no appeal was taken within the time provided by law.
The decree of the chancery court of Jackson County validating the bonds here involved is hereby affirmed.
, ... , Affirmed.
ETHRIDGE, C. J., and BRADY, PATTERSON and INZER, JJ., concur.