SMITH, Presiding Justice,
for the Court:
James R. Walters, and others, taxpayers of Petal Municipal Separate School District, *275 appeal from a decree of the Chancery Court of Forrest County validating $3,750,000.00 of construction and renovation general obligation school bonds of that district.
On October 20, 1977 the Board of Trustees of Petal Municipal Separate School District, a municipal separate school district created and existing under the laws of Mississippi, and embracing the territory encompassed within the municipal boundaries of the City of Petal and added territory in Forrest County, duly filed with the Mayor and Board of Aldermen of the City of Petal a certified copy of its resolution, previously adopted on that date, requesting that an election be called and held for the purpose of submitting to the qualified electors of the district the question of whether the bonds of the district should be issued in the maximum principal amount of $3,750,-000.00, for the purpose of raising money to renovate and construct school buildings and related facilities of the district.
The Mayor and Board of Aldermen of Petal received and filed the certified copy of said resolution so adopted by the Board of Trustees of the District, and, at its meeting duly held at 6:45 in the evening of October 20, 1977, found, determined and declared, as reflected by the official minutes of the Mayor and Board of Aldermen for that date that:
(1) The Board of Trustees of the Petal Municipal Separate School District had adopted said resolution and that a certified copy of the same had been duly filed with the Mayor and Board of Aldermen;
(2) The purposes for which it was proposed to issue said bonds were lawful and within the scope and purview of Mississippi Code Annotated section 37-59-3 (1972);
(3) The said Petal Municipal Separate School District had no outstanding bonded indebtedness at the time and that the proposed maximum amount of said proposed bonds in the aggregate would not exceed fifteen per centum (15%) of the assessed valuation of the taxable property within the school district as ascertained by the last completed assessment for taxation;
(4)Said resolution was in compliance with law and that an election should be called and held as provided by Mississippi Code Annotated section 37-59-11 (1972) for the purpose of submitting to the qualified electors of the school district the question of the issuance of such bonds in said amount for said purposes.
An order was thereupon duly adopted by the Mayor and Board of Aldermen of the City of Petal and entered upon its official minutes calling an election as provided by law for said purposes and directing that notice of said election be given and published in the manner and for the time required by law.
Said election was duly held and the issuance of said bonds was approved and authorized by three-fifths of the qualified electors of the school district voting in said election as required by Mississippi Code Annotated section 37-59-17 (1972).
No question is raised as to the sufficiency of the notice of said election or as to the manner in which it was held or conducted, or as to the vote therein.
Following the election, the Mayor and Board of Aldermen of the City of Petal received the official report of the Election Commissioners and found and determined that in said election 2,351 of the qualified electors of the school district had voted, that of that number 1,433 qualified electors had voted for the issuance of the bonds and 918 had voted against the issuance of the bonds.
The Mayor and Board of Aldermen thereupon found that the issuance of said bonds had been approved and authorized by more than three-fifths of the qualified electors of said school district voting in said election and that the issuance of said bonds had been duly approved and authorized as provided by Mississippi Code Annotated section 37-59-17 (1972). The Mayor and Board of Aldermen entered an order to that effect and directed that the bonds be submitted to validation as provided by Mississippi Code Annotated section 31-13-5 (1972).
*276 Pursuant to that order, a transcript of the proceedings was submitted to the State’s bond attorney and the approving opinion of that official, together with the transcript and relevant legal papers, documents and proceedings, were duly filed in the Chancery Court of Forrest County, a date was set and notice of the hearing was given as required by law. Appellants appeared at the hearing and objected to the validation of the bonds. The Chancery Court of Forrest County, following an evi-dentiary hearing, entered its decree validating the bonds.
On appeal, appellants have assigned several grounds which they argue require reversal of the decree!
A major portion of the argument is directed toward the proposition that the proceedings of the Mayor and Board of Aider-men were invalid because the resolution adopted by the Board of Trustees, a certified copy of which had been filed, and was on file, with the Mayor and Board of Aider-men, was not incorporated and set forth at length in the minutes of the Mayor and Board of Aldermen of its October 20, 1977 meeting.
The resolution of the Board of Trustees of the Petal Municipal Separate School District contained this paragraph:
BE IT FURTHER RESOLVED that the Secretary of this Board of Trustees be, and he is hereby, authorized and directed to file a certified copy of this Resolution with the Board of Mayor and Aldermen of the City of Petal, Forrest County, Mississippi.
Mississippi Code Annotated section 37— 59-11 (1972) provides:
[A] certified copy of a resolution adopted by the board of trustees . . shall be filed with . . . the governing authorities of the municipality .
The minutes of the Mayor and Board of Aldermen of its October 20, 1977 meeting found and adjudicated with respect to this matter the following:
WHEREAS, the Board of Trustees of said Petal Municipal Separate School District has heretofore adopted a resolution requesting the Board of Aldermen of the City of Petal to call and provide for the holding of an election on the proposition hereinafter set forth, and has caused a certified copy of said resolution to be filed with said Board of Aldermen ; and (Emphasis added).
There is no contention that at its meeting on October 20,1977, the Mayor and Board of Aldermen did not have on file and before it a certified copy of the resolution adopted by the Board of Trustees of the Petal Municipal Separate School District as required by the above statute. The filing of a certified copy of the resolution adopted by the Board of Trustees with the governing authority of the municipality fulfilled the requirement of the statute. What is sometimes referred to as “the better practice” might suggest the incorporation in full of the school board’s resolution in the minutes of the governing authority, but this is not required by the statute. Appellants argue that the action of the Mayor and Board of Aldermen, taken at its meeting held after the election in December, 1977, and amending its October 20, 1977 minutes by inserting in full the resolution adopted by the school board, somehow^ invalidated the action taken on October 20, 1977. This action by the Mayor and Board of Aider-men was unnecessary however, and in nowise invalidated or affected the proceedings.
Appellants next seek to question the validity of the assessment of property for taxes, charging that such assessments were in violation of section 112 of the Mississippi Constitution of 1890. It was stipulated by the parties:
(1) That the City of Petal, Mississippi, is a code-chartered municipality; and
(2) For the taxable year 1977 the City of Petal, Mississippi, Tax Assessment Rolls were literally copied from the Forrest County Tax Assessment Rolls as it pertains to real property located in the City of Petal, Mississippi, and the Petal Municipal Separate School District for said valuation purposes, pursuant to the authori *277 ty of Section 21-33-9 of the Mississippi Code of 1972, as amended; and
(3) Thereafter the governing authorities of the City of Petal, Mississippi, performed the statutory duties pertaining to Notice to Taxpayers and adopted a resolution to equalize the rolls upon the objections of taxpayers so filed; and
(4) That in their acts to equalize the rolls, objections were heard from twenty-nine taxpayers and relief was granted to twenty-two taxpayers and relief denied to seven taxpayers.
 Statutory proceedings to equalize tax assessments afford an adequate remedy to taxpayers against improper assessment of their property. Nothing was offered, or appears in the record, capable of supporting a view that the assessment process of Forrest County or of the City of Petal itself was void. The assessment was not void on its face. Nor is there anything upon which a finding can be predicated that the orders of the governing body of the City of Petal or the orders of the Board of Supervisors of Forrest County in approving the assessments were void. The question sought to be raised here constitutes an attempt to attack the assessments collaterally and this is not permissible unless there is a showing of such a complete departure from law or complete denial of due process as to render the assessments void. This is not the case here. For a discussion of collateral attacks in bond validation proceedings see In re Validation of $175,000 Gen. Co. Funding Bonds, 185 So.2d 420 (Miss.1966).
Other matters assigned as error have been considered and are without merit.
The record in this case has been examined with care and we have concluded that the proceedings for the issuance of the bonds in question were conducted in all respects in due and regular time, form and manner, according to law, that the aforesaid bonds constitute valid and binding general obligations of the Petal Municipal Separate School District, and that the decree validating the same should be affirmed.
AFFIRMED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.