424 So.2d 559 (1982)
Eugene FOUCHÉ
v.
Bobby Ray RAGLAND.
No. 53791.
Supreme Court of Mississippi.
December 15, 1982.
Blackmon & Smith, Edward Blackmon, Jr., Canton, for appellant.
Satterfield & Allred, Thomas L. Kirkland, Jr., Jackson, for appellee.
En Banc.
HAWKINS, Justice, for the Court:
Eugene Fouché appeals from a county supervisor's election contest decision by the Circuit Court of Yazoo County.
On November 6, 1979, a statewide general election was held in Mississippi. Eugene Fouché, appellant, and Bobby Ray Ragland were the candidates for District Three Supervisor of Yazoo County. Fouché was the Democratic party's nominee; Ragland ran as an Independent. The vote totals of this race, as certified by the Yazoo County Election Commission, showed Ragland winning by a margin of twenty-one (21) votes (981-960). Fouché filed a petition in the Circuit Court of Yazoo County contesting the district three supervisor's election.[1] A jury *560 trial was held. At the conclusion of the appellant's case in chief, the circuit court judge sustained a motion to exclude all of the appellant's evidence and directed a verdict in favor of the appellee.
The issues we address concern the validity of absentee ballots and other procedures followed in connection with the election. We find no error in the judgment of the circuit court. We affirm.
The facts in this case are undisputed and the lower court was correct in deciding the issues of law without a jury. We will give the pertinent facts during discussion of each of the assignments of error.
Fouché first assigns as error that the trial judge erred in refusing to count eighteen (18) absentee ballots signed by a notary, but not signed in the attesting witness space thereunder.[2] Fouché contends that since the notary and the attesting witness may be the same person under the statute, the failure to comply with the statute was at most a mere technical violation.
Mississippi Code Annotated § 23-9-409 (Supp. 1981) provides, in pertinent part:
(C) After marking the ballot, fill out and sign the "Elector's Certificate" on back of the envelope so that the signature shall be across the flap of the envelope so as to insure the integrity of the ballot. Have the attesting witness sign the "Attesting Witness Certificate" on back of the envelope. Place necessary postage on the envelope and deposit it in the post office or some government receptacle provided for deposit of mail so that the absent elector's ballot, excepting presidential absentee balloting, will reach the registrar in which your precinct is located not later than twelve noon on the day preceding the date of the election or by personally delivering such ballot to the registrar's office not later than 5:00 p.m. on the second day immediately preceding the election.
Any notary public, United States postmaster, assistant United States postmaster, United States postal supervisor, clerk in charge of a contract postal station, or any officer having authority to administer an oath or take an acknowledgment may be an attesting witness. If a postmaster, assistant postmaster, postal supervisor, or clerk in charge of a contract postal station acts as an attesting witness, his signature on the elector's certificate must be authenticated by the cancellation stamp of their respective post offices. If one or the other officers herein named acts as attesting witness, his signature on the elector's certificate, together with his title and address, but no seal, shall be required. Any affidavits made by an absent elector who is in the armed forces may be executed before a commissioned officer, warrant officer, or noncommissioned officer not lower in grade that sergeant rating, or any person authorized to administer oaths.
Furthermore, Mississippi Code Annotated § 23-9-413 (Supp. 1981) requires the following:
The form of the attesting witness certification on the back of the envelope shall be as follows:
"CERTIFICATE OF ATTESTING WITNESS
"Personally appeared before me, the above-named voter, known by me to be the person named, who after being duly sworn or having affirmed, subscribed the foregoing oath or affirmation. That said voter exhibited to me his blank ballot; that said ballot was not marked or voted before the said voter exhibited the ballot *561 to me; that said voter then retired out of my presence, but within my sight, and voted his ballot so that I could not see how he voted; that no one was present with said voter as he marked his ballot; that the said voter was not solicited or advised by me to vote for any candidate, question, or issue, and that the voter, after marking his ballot, placed it in the envelope, closed and sealed the envelope in my presence, and signed and swore or affirmed the above certificate.
______________________ ___________________
(Attesting witness) (Address)
______________________ ___________________
(Official title) (City and State)"
An examination of the voter's affidavit and certificate of attesting witness on the outside of the absentee ballot serve importantly distinct purposes.
The voter makes oath that the ballot was made by himself; he authorizes the registrar to place the envelope in the ballot box on his behalf and authorizes the managers to open the envelope and place his ballot among the other ballots as though he were present when voting; he also makes affidavit that he marked the ballot in secret.
The certificate, on the other hand, in addition to certifying that the voter executed the affidavit, certifies the voter first exhibited a blank ballot which was not marked or voted before it was exhibited to the witness, and that the voter then retired out of the witness' presence but within his sight so that he could see that he voted but not how he voted, that no one was present as he marked his ballot, that the voter was not solicited or advised in voting, and, finally, that after marking his ballot in secret, the voter placed it in the envelope, closed and sealed the envelope in the certifying officer's presence, and then signed and made affidavit to the first certificate.
It is thus clear that the Legislature intended both signatures to be on the envelope because there were subsequent requirements to best ensure the integrity of an absentee ballot.
Anders v. Longmire, 226 Miss. 215, 83 So.2d 828 (1955), is distinguishable from the instant case; a different statute, § 3196-10 of the 1942 Mississippi Code, was involved, and furthermore, the certifying officer did affix his official title to the certificate which was all that was required by the statute.
Fouché next assigns as error the refusal of the circuit judge to deduct twenty-nine (29) absentee ballots which had not been printed as required by Mississippi Code Annotated § 23-5-125 (1972). A sample of the back of these ballots is as follows:
 Absentee Ballot
 OFFICIAL BALLOT
 STATE OF MISSISSIPPI
 GENERAL ELECTION
 NOVEMBER 6, 1979
===================================================
 YAZOO COUNTY
 Precinct _____________________________
Section 23-5-125 provides:
On the back and outside of the ballot shall be printed the words, "official ballot," the name of the election district or place for which the ballot is prepared, and the date of the election.
Section 23-9-427 (Supp. 1981) provides:
For all elections, there shall be prepared and printed by the officials charged with this duty with respect to the election, as soon as the deadline for the qualification of candidates has passed or thirty days of the election, whichever is later, official ballots for each election district to be known as absentee voter ballots, which ballots shall be prepared and printed in *562 the same form and shall be of the same size and texture as the regular official ballot except that they shall be printed on tinted paper of a tint different from that of the regular official ballot.
It can be observed that all which was left blank on these absentee ballots was the name of the precinct.
Fouché neither alleged nor offered proof that these votes resulted from fraud or wrongdoing or that they did not express the public will. To the contrary, his objection is purely technical. He seeks to vitiate these absentee ballots simply because the precinct name was left blank. We do not consider this defect, if any, to affect the validity of these votes. In Walker v. Smith, 213 Miss. 255, 56 So.2d 84 (1952), this Court, in discussing absentee ballots, stated:
It must be kept in mind that the legislature was endeavoring to provide means for absent voters to exercise their right of suffrage. The result, therefore, ought not to be lightly tossed aside, unless the irregularity has prevented a full, fair and free expression of the public will. Especially is this true when the special tribunal found as a fact that there was no fraud or intentional wrongdoing in this regard. Gregory v. Sanders, 195 Miss. 508, 15 So.2d 432.
213 Miss. at 259, 56 So.2d at 87.
The omission of a certificate by a certifying officer is far different than the failure to print the name of the election district or precinct on the back of an absentee ballot. Furthermore, Mississippi Code Annotated § 23-9-419 (Supp. 1981) contains a mandatory requirement that a ballot should be rejected if there is a defect in the execution of the outside of the envelope containing an absentee ballot and that such vote shall not be allowed.
Fouché's third assignment of error asserts the circuit judge should have invalidated the entire Satartia box. Since Yazoo County uses voting machines in conducting elections, there was a voting machine in the Satartia Precinct. When the polling was closed on election day, the managers of this precinct duly filled in certificates of election giving the total vote for each candidate as shown on the machine, the total vote for each candidate by absentee ballot, and the grand total of votes cast for each candidate. They did not, however, sign the certificate which was turned in to the election commission. This oversight was corrected approximately one week later on November 14, 1979, when three managers dated and signed the certificate. The election commission checked the voting machine and found the count as shown on the certificate of election to be accurate. Again, there is no charge of fraud or intentional wrongdoing, and since the will of the electors was fairly and accurately expressed, this technical oversite does not invalidate the votes cast at this precinct. See In re Validation $250,000 School Bonds, Greene County School District, 248 Miss. 762, 161 So.2d 169 (1964); and Necaise v. Lott, 226 Miss. 286, 83 So.2d 837 (1955).
Because the remaining assignments of error represent an insufficient number of votes to change the outcome of the election, we do not address them on this appeal.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and BROOM, ROY NOBLE LEE, BOWLING and PRATHER, JJ., concur.
DAN M. LEE, J., takes no part.
*563 
NOTES
[1] Portions of the petition were struck after proper motion, and the case proceeded as to the remainder.
[2] Attached as an appendix is a sample of 1 of the 18 ballots.